## THE PEOPLE *v.* LEVISON.

On trial under an indictment for receiving stolen goods, the Court instructed the jury "That a guilty knowledge, on the part of the defendant, is essential to the constitution of the offense. This may be shown either directly, by the evidence of the principal offender, or circumstantially, by proving that the defendant bought them very much under their value, or denied their being in his possession, or the like:" *Held*, that the charge is erroneous in this, that it asserts as a conclusion of law, that if the defendant purchased the goods at a price much below their value, *or* if he denied that he had them, *or* if the thief swore defendant received them, then, in either case, the guilty knowledge was proved; that this is not law; that either one of these facts is a circumstance of guilt, but does not alone constitute conclusive proof of guilt.

In criminal cases, the Court should, as a general rule, instruct the jury hypothetically, and not assign a conclusive effect to circumstances, or assume that such circumstances were proven. In the absence of opposing proof they are sometimes conclusive, but not generally ; and it should always be left to the jury to determine whether those circumstances are established.

In criminal cases, if the instructions to the jury are erroneous under any and every state of facts, the Supreme Court will review them, even though there be no

People *v.* Levison.

statement of facts—because it necessarily appears that the Court erred to the prejudice of defendant.
But where the instructions *may be* correct under any state of facts, then the Supreme Court presumes in favor of the judgment below, and will not reverse it when there is no statement of facts or bill of exceptions—because the appellant must show affirmative error.

APPEAL from the Court of Sessions, San Francisco.

Defendant was convicted, and appeals.

*A. M. Heslep,* for Appellant.

*Thos. H. Williams, Attorney General,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This was an indictment for receiving stolen goods, knowing them to be stolen.

Various errors are assigned, but we think they are without merit, except one, and that is the charge of the Court to this effect: "That a guilty knowledge on the part of the defendant is essential to the constitution of the offense. This may be shown either directly by the evidence of the principal offender, or circumstantially, by proving that the defendant bought them very much under their value, or denied their being in his possession, or the like." We understand that the Court asserted, as a conclusion of law, that "the purchase of goods, at a great under-value, by defendant, is sufficient proof of the knowledge by him that the goods were stolen." This is not true. Besides, the charge makes a denial by the defendant that the goods were in his possession—whether the denial was truly made or not—proof, and sufficient proof, of the defendant's guilty knowledge. It also leaves the inference, that the unsupported testimony of the thief is sufficient to establish the defendant's guilt.

That the purchase of stolen goods by the defendant, at a price grossly disproportioned to their value, is a fact against him, which, in connection with other facts, might be sufficient to establish his guilt, is not denied; and that the denial of the possession of the goods, if such denial be shown to be false, is another fact against him, is also true; but neither of these facts, standing alone, especially if there be rebutting proof, constitutes *a legal conclusion of guilt*. The Court should, in crim-

inal cases, instruct the jury hypothetically, as a general rule.   It should not assign a conclusive effect to circumstances, or assume that they are proven.   It is for the Court to determine the admissibility of evidence; for the jury to determine its effect and the credibility of the witness.   In the absence of opposing proof, circumstances are sometimes conclusive; but this is not generally true; and when it is, it should be left to the jury to determine whether the circumstances are established.

In this case, the jury might well believe the Court instructed them, that if the defendant bought the goods much below their value, this was sufficient to convict him; or if he denied that he had the goods, this was enough; or if the thief swore he so received them, this was sufficient.

It is true, there is no statement in this case.   But when the instructions are erroneous under any and every state of facts, then this Court will review them.   For it follows as necessarily, in such a case, that the Court erred to the prejudice of the defendant when there is no statement, as when one exists.   If, however, the instructions *may be* correct under any supposed state of facts, as the appellant must show affirmative error, we presume in favor of the judgment below, and will not reverse the judgment when no statement appears.

Judgment reversed, and cause remanded for a new trial.