[No. 10,432.]
## THE PEOPLE v. JOHN BUSTER.

ERRONEOUS CHARGE TO THE JURY IN CRIMINAL CASE.—In the trial of a criminal cause, if there be a substantial conflict in the evidence as to a material fact, and if in its charge to the jury the Court assumes the fact as proved, it is error.

APPEAL from the County Court of San Luis Obispo County.

The facts are stated in the opinion.

*W. J. & Wm. Graves*, for Appellant.

*Attorney-General Hamilton*, for Respondent.

By the COURT:

The defendant was convicted of an assault with a deadly weapon on one Bump, and appeals from the judgment. At the trial, there was evidence tending to prove that during a quarrel between Bump and the defendant the latter held a pistol in his hand, and a struggle ensued between the parties, during which Bump seized the pistol, which was also held by the defendant; that while both so held it, the pistol was discharged; that in the further progress of the struggle, both parties fell, Bump being on top; that in the act of falling both of them held the pistol, which was again discharged, inflicting a wound upon Bump. There was a conflict in the evidence on the question whether the pistol was pointed toward Bump at any time before he seized it during the struggle for its possession. On this state of the evidence, the question before the jury was, whether the defendant had assaulted Bump with the pistol, or whether it was accidentally discharged during the struggle for its possession.

On the request of the prosecution the Court instructed the jury as follows: "The use of a deadly weapon is *prima facie* evidence of malice, because a man must be taken to intend the necessary and usual consequences of his act, and to shoot another indicates a purpose to take life; and if the jury believe from the evidence, beyond a reasonable doubt, that at the time

defendant shot Bump he was in no imminent danger of suffering death or bodily harm at the hands of Bump, and had no reason to believe that he was in such danger, they must find him guilty as charged"; to the giving of which the defendant excepted.

It is contended that the instruction was erroneous, in that it assumes as a matter of fact that the defendant intentionally shot Bump, which was the very matter in issue before the jury. The objection was well taken, and the instruction was, in that respect, erroneous. (*People* v. *Levison*, 16 Cal. 98; *People* v. *Ah Fung*, 16 Ibid. 137; *People* v. *Williams*, 17 Ibid. 147; *People* v. *Strong*, 30 Ibid. 151; *People* v. *Dick*, 32 Ibid. 213; *People* v. *Cotta*, 49 Ibid. 166.)

Judgment reversed, and cause remanded for a new trial.