OF THE

## Territory of Arizona,

### During the Year 1885.

[Criminal No. 31.   Filed April 4, 1885.]

[S. C. 6 Pac. 478.]

THE TERRITORY OF ARIZONA, Plaintiff and Respondent, v. JAMES MUNROE, Defendant and Appellant.

1. CRIMINAL LAW—CRIMINAL PRACTICE—RECORD ON APPEAL—REPORTER'S TRANSCRIPT—NECESSITY FOR—BILL OF EXCEPTIONS—REVIEW OF ERRORS IN RECORD.—The law of the Territory requiring the reporter in all criminal cases to file certified copy of the testimony, rulings of the court, with exceptions taken thereto, does not do away with the necessity of a bill of exceptions, and in the absence of such bill of exceptions the only errors of which this court can take notice arise from the record.

2. SAME—SAME—WAIVER OF WRITTEN INSTRUCTIONS IN CRIMINAL CASES —ORAL INSTRUCTIONS TO JURY IN CAPITAL CASES CONDEMNED— ABSENCE OF BILL OF EXCEPTIONS—PRESUMPTION OF CORRECTNESS OF ACTION OF TRIAL COURT—REVIEW OF MANIFEST ERROR IN RECORD WITHOUT BILL OF EXCEPTIONS.—In some of the states where the statute requires the instructions to be in writing, as in this territory, it has been held that the same cannot be waived in a criminal and especially in capital cases. It is a dangerous practice for the trial court to give verbal instructions in a capital case. The defendant must show in what the error in refusing an instruction

consists before he can ask for a reversal of a judgment, and when no bill of exceptions is filed, the presumption must be in favor of the correctness of the action of the court, unless sufficient is shown by the record to satisfy the appellate court that the action of the lower court is manifestly erroneous under any and every conceivable state of facts. In such case it will be reviewed, notwithstanding there is no bill of exceptions.

3. SAME—FAILURE TO INSTRUCT AS TO NECESSITY OF PROOF OF CORPUS DELICTI ERROR.—It is the duty of the court to charge the jury that a conviction for murder cannot be sustained when the *corpus delicti* is not proven and the refusal of request for such charge is manifest error.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Yavapai. Reversed.

The facts are stated in the opinion.

J. J. Hawkins, M. V. Howard, and E. M. Sanford, for Appellant.

Clark Churchill, Attorney General, for Respondent.

PINNEY, J.—The defendant was indicted at the November term, 1883, of the court for the murder of Jack Shae, was tried, convicted of murder in the first degree, and sentenced to be executed. With the transcript of record appears what purports to be the evidence given at the trial. There is no bill of exceptions settled and certified to by the court. By the laws of this territory it is made the duty of the reporter, in all criminal cases, within five days to file a certified copy of the testimony, rulings of the court, with the exceptions taken thereto; and his certificate when so made shall be *prima facie* evidence of its correctness. This being done in this case, it is claimed by counsel for defendant that this evidence becomes a part of the record, the same as if a bill of exceptions had been made. This law does not and cannot be held to do away with the necessity of a bill of exceptions, and the only alleged errors of which we can take notice arise from the record.

A number of instructions were asked by the defendant,

some of which were given and some refused. Among the instructions so asked was the following:

"The court instructs the jury that if they believe from the evidence that the government has failed to prove that death ensued from the wound given deceased by defendant, they must acquit."

This was refused, but no reason given as to why it was refused. The attorney general insists that as there is no bill of exceptions, and written instructions having been waived by defendant's counsel, that it must be presumed that the proof was sufficient, and that the court refused the instruction asked because already given in the charge by the court. In some of the states where the statute requires the instructions to be in writing, as in this territory, it has been held that the same cannot be waived in criminal and especially in capital cases. To say the least, it is a very dangerous practice for the trial court to give verbal instructions in a capital case. This might be obviated if the charge were taken down by the stenographer, copied, revised at once by the court, and filed with the clerk as part of the record.

In this case it is said the oral charge given by the court has been lost or destroyed. Had the court refused the above instructions, because already given in the general charge by the court, it would have been easy to have so stated on the decision in refusing the instruction. It is for the defendant to show in what the error consists before he can ask for a reversal of a judgment, and when no bill of exceptions is in the record, we must presume in favor of the correctness of the action of the court, unless sufficient is shown by the record to satisfy the appellate court that the action of the lower court is manifestly erroneous under any and every conceivable state of facts. Then it will review it, notwithstanding there is no bill of exceptions in the case. *People* v. *Levison,* 16 Cal. 98, 76 Am. Dec. 505.

The defendant had a right to have the instructions asked given to the jury. It needs no bill of exceptions to determine this. It would be folly to argue that a conviction for murder could be sustained when the *corpus delicti* is not proven. It was a question which it was the duty of the jury to pass upon,

and if not proven, it was their duty to acquit, and it was the duty of the court to so charge them, and the refusal of the request to make such charge was manifest error.

Judgment reversed, and new trial ordered.

Howard, C. J., and Fitzgerald, J., concurring.