# Compton v. Hankins.

90 411
109 69

*Action for Damages against Owner of Warehouse and Landing on Navigable River.*

1. *Navigable river; uses for navigation; riparian rights.*—Though a navigable river is public, its banks are private property; and the right of the public to use the stream, without obstruction, for all the purposes of navigation, does not include the right to land on the bank without the consent of the owner, except in case of some peril or emergency of navigation.

2. *Public and private landings and wharves.*—Whether a wharf or landing is public or private, depends upon the ownership of the soil, the purposes for which it was built, the authority by which it was erected, the uses to which it has been applied, and the nature and character of the structure itself. If constructed on land which belongs to the public, or built by public authority on' land which has been condemned, or at the terminus of a public highway, practically forming a part of it, or dedicated by the owner to the use of the public, it is regarded as a public wharf or landing; but, if constructed by a riparian proprietor on his own land, and used by him for his own benefit, charging compensation for its use by other persons, no presumption of a dedication to the public arises from such uses for twenty years or more, and he may at any time revoke the implied license to the public generally, or refuse the use to any one person.

3. *Action for damages against owner of warehouse and landing on navigable river.*—In an action to recover damages for the defendant's refusal to receive and keep, at his landing, pine logs belonging to plaintiff, which were to be rafted down the river; if the complaint only alleges that the defendant was "the owner and keeper of a public landing and warehouse on a navigable river," and refused to receive plaintiff's logs, when offered, for shipment in the usual course of business, it shows no cause of action; and an additional averment that the refusal was malicious, does not cure the defect.

APPEAL from the Circuit Court of Marengo.
Tried before the Hon. WM. E. CLARKE.

[Compton v. Hankins.]

This action was brought by Joseph H. Compton against Joseph M. Hankins, and was commenced on the 22d August, 1888. The original complaint contained two counts, and two other counts were added by amendment. Each count alleged that the defendant "was the keeper and owner of a public warehouse and landing on the Tombigbee river, which is a navigable stream," and claimed damages for his refusal to receive at said landing, or to allow plaintiff to deposit there, pine timber intended to be rafted down the river, in the usual course of business, plaintiff offering to pay a reasonable reward for the service; and each alleged that the timber was offered at a proper time, and that the defendant had the means of receiving it. The second count alleged, also, that the defendant prevented plaintiff from depositing his timber at the landing by erecting a fence across it, and thereby obstructing its use; and the third and fourth counts further alleged, that the defendant's refusal and other acts were malicious, and claimed special damages on account of the delay in getting the timber to market, deterioration of value, &c. The court sustained a demurrer to each count, and its judgment is here assigned as error.

Geo. W. Taylor, for appellant.—The complaint alleges, in each count, that the defendant was the keeper of a public warehouse and landing, and the demurrer admits that fact. How the warehouse and landing became public, is immaterial. A public warehouse is always private property, affected with a public use or interest, though mere *user* may not make it public. The duties of a public warehouseman and wharfinger are similar, if not identical with, those of a common carrier and innkeeper.—1 Jones on Liens, 967-9; Gould on Waters, § 119; 1 Dill. Mun. Corp., §§ 104-5; *Swords v. Edgar*, 59 N. Y. 28, or 17 Amer. Rep. 295; *Rivara v. Ghio*, 3 E. D. Smith, N. Y. 264; *Mann v. Illinois*, 94 U. S. 113-51. A public warehouseman has a lien, given to him by the law as the price or consideration for the duty required of him to the public. *Steinman v. Wilkins*, 42 Amer. Dec. 254, note. The lien and duty grow out of the character of the business, and are not affected by the private ownership of the property. In *O'Neill v. Annett*, 72 Amer. Dec. 364, the fact was contested whether the landing was public.

Tayloe & Johnston, *contra*, cited Washb. Easements, 549-50, 554-5; *O'Neill v. Annett*, 72 Amer. Dec. 364; *Post v. Pearsall*, 20 Wend. 111, and 22 Wend. 425; *Bainbridge v. Sherlock*, 95 Amer. Dec. 644; *Morgan v. Reading*, 3 Sm.

& M. 366; *Magnolia v. Marshall*, 39 Miss. 109; *Ball v. Herbert*, 2 D. & E. 137, or 3 T. R. 253; *Lorman v. Benson*, 77 Amer. Dec. 435; Angell on Highways, §§ 551-2, notes.

CLOPTON, J.—The action is brought by appellant to recover damages alleged to have been sustained by the refusal of defendant, who, the complaint avers, is the keeper and owner of a public warehouse and landing on the Tombigbee river, a navigable stream, to receive at the landing, for shipment, pine timber tendered by plaintiff, or to permit him to deposit the same at the landing, preparatory to being rafted by the river to market. The complaint avers, that defendant had the means of receiving the timber, and that plaintiff was ready and offered to pay a proper reward therefor. It is obvious, that the *gravamen* of the action is the refusal of defendant to permit the use of the landing for the safe-keeping and storage of the timber until it could be rafted; not the violation of any right incident or appurtenant to the right of navigation. The demurrer to the complaint, which was sustained by the court, involves the inquiries, what are the rights of the public in respect to the use of the landing, and what the duty of defendant in regard to the storage of timber?

While the authorities are not in entire harmony, in reference to the respective rights of navigators of public streams above the ebb and flow of the tide, and of riparian owners, the better opinion seems to be, that the right to the use of the stream as a highway, and to land for purposes of receiving and discharging freight and passengers, are distinct, and those navigating the river have no right, as incident to the right of navigation, to land upon and use the bank for the purpose of loading or unloading vessels, without the consent of the owner, unless in cases of necessity. In Washburn on Easements, 554, the author observes: "In regard to the right to land upon other points of the banks of a navigable stream than those which have in some way become public landings, the law would seem to confine it to cases of necessity, where, in the proper exercise of the right of passage upon the stream of water, it becomes unavoidable that one should make use of the bank for landing upon, or fastening his craft in the prosecution of his passage." In *Bainbridge v. Sherlock*, 29 Ind. 364; 95 Amer. Dec. 644, it is said: "The river being public, and its banks being private, it is not difficult to discover the true foundation of those riparian rights, known as 'wharf rights.' It is essential to the successful prosecution of his business, that the navigator shall make frequent landings to lade and unlade, to receive and discharge passengers, and to

[Compton v. Hankins.]

receive supplies. But, except in case of some peril or emergency of navigation, he can not thus land without the consent of the riparian owner, and, in return for the privilege of landing, a reasonable compensation may be demanded. This is the origin of wharfage."

Riparian owners have claimed and exercised the right to construct wharves and landing places on navigable streams, from the earliest settlement of this country, subject to the limitation, that the public easement or servitude is not impaired. The owner has the same dominion and power to control such landing places as any other private property, and to possess and use the same to the exclusion of the public. The right to raft timber does not imply or carry with it the right to deposit upon private property preparatory to being rafted. Campbell, J., says: "The right to raft logs down the stream does not involve the right of booming them upon private property for safe-keeping or storage, any more than the right to travel the highway justifies the leaving of wagons indefinitely in front of private dwellings or stores."—*Lorman v. Benson*, 8 Mich. 18; 77 Amer. Dec. 435. The plaintiff has no common-law right to store or deposit logs or timber at a private landing, for the purpose of rafting.

The plaintiff, however, bases his right to recover on the alleged ground that the landing is public. Wharves or landings may be either private or public in their nature. If public, the owner is under obligations to concede to others the privilege of landing their goods; if private, he has the right to the exclusive use and enjoyment, or to permit such individuals to enjoy it as he sees proper. Whether a wharf or landing is public or private, depends upon the ownership of the soil, the purposes for which it was built, the authority by which it was erected, the uses to which it has been applied, and the nature and character of the structure. If the land on which it is constructed is vested in the public, or if built by public authority on land condemned, or if it be at the terminus of a public highway, and practically forms a part thereof, or has been dedicated by the owner to the use of the public, it may be regarded a public wharf or landing. The right to erect a landing on a navigable stream having its foundation in the ownership of the land, when erected by an individual at his own expense, it is private property.— *Wharf Case*, 3 Bland, 361. It is well settled, that the public may acquire an easement, a right to the use of such landing, by dedication on the part of the owner of the soil. But use by individuals, with the permission of the owner, does not give the public the right to do the same without his consent. Use by the public,

with his permission, and for his own emolument, for no number of years will amount to dedication.

In *Post v. Pearsall*, 22 Wend. 425, after an elaborate consideration of the question, it was held, that the public have not the right, against the will of the owner, to use and occupy the land adjoining navigable waters, as a public landing and place of deposit of property, in its transit to and from vessels navigating such waters, although such *user* has been continued upwards of twenty years, with the knowledge of the owner. In *O'Neill v. Annette*, 27 N. J. L. 290, the action was brought to recover damages for the defendant's refusal to permit vessels to discharge a cargo of coal upon his wharf. The declaration alleged, that it was a public wharf, and the jury so found. The wharf was built by defendant at his own expense, more than twenty years previously. A public turnpike passed or terminated near the wharf, but it does not appear that it extended to the landing, or that there was any connection between them, except that the public passed and re-passed from one to the other without interruption. During the whole period of its existence, vessels had been in the habit of loading and unloading at the wharf, and it had been used by persons in the vicinity, as a place of deposit for lumber, wood, brick, and other materials, the owner being paid for such use. It was ruled that the wharf was private property, and that the consent of the owner must be obtained before the public have a right to use it. It is said: "It is difficult to conceive of evidence that could more clearly negative the idea of dedication to public use, or more satisfactorily establish the fact that the proprietor was using the property for his own private emolument."

The objects for which a private landing may be held and used may be public without affecting its private character. In such case, there is an implied license to vessels navigating the stream, to use it for receiving and discharging freight and passengers, and also to all persons to occupy it for lawful and accustomed purposes; but the owner may, at any time, revoke the license as to the entire public, or withhold permission from particular vessels or persons.—*Swords v. Edgar*, 59 N. Y. 28; *Steele v. Sullivan*, 70 Ala. 589. The fair inference is, that a landing on a navigable river is intended for the loading or unloading of the craft navigating the river, and as the place of deposit of such freight as they usually transport. The owner is authorized to prohibit the use of a landing intended and applied to such purposes, for unusual and unaccustomed purposes, such as the storage and keeping of timber to be rafted, which may obstruct free access to and from the vessels.

[Rice v. Schloss & Kahn.]

The complaint does not aver sufficient facts to show plaintiff's right to deposit his timber at the landing, nor the duty of defendant to allow it to be stored.

Affirmed.