# Harper v. The State.

*Prosecution for Obstructing a Public Road.*

1. *Act regulating trial of criminal cases in county court of Shelby County; constitutionality of.*—The act approved February 18th, 1895 (Sess. Acts 1894–95, p. 1088), purporting to regulate the trial of felonies and misdemeanors in the County Court of Shelby county is constitutional as to the provisions for the trial of misdemeanors. (*Harper v. The State, ante, p.* 28, *followed.*)

2. *Notaries public, with powers of justices of the peace, are judicial officers,* within the meaning of the statute (Sess. Acts 1894–95, p. 1088, § 3) authorizing prosecutions in the County Court of Shelby county to be instituted or commenced "by affidavit made before any judicial officers of said county."

3. *Public road by. prescription.*—A public road must either be established in a regular proceeding for that purpose, or acquired by the public by dedication or prescription; and in order for a road to become a public highway by prescription it must be generally used by the public for that purpose for twenty years, and the use by the public must be adverse to the owner of the soil, not merely permissive, and must be continuous and uninterrupted for the prescribed period.

4. *Same; interruptions destructive of prescriptive right.*—When the use of a way by the public is interrupted by the owner of the soil, by unambigerous acts evincing his intention to exclude the public from its uninterrupted use, the prescriptive right is destroyed.

[Harper v. The State.]

5. *Public road by dedication.*—The dedication of a road to use as a public highway will not be presumed unless the intention of the owner to that end is clearly manifested; and the dedication must be completed by the acceptance of the public, which may be manifested by public use, or by some corporate act, or acts of public officers, recognizing and adopting the highway as public.

6. *Giving additional charges to the jury.*—It is not improper for the court to give additional instructions to the jury, when they return and ask to be further instructed; and after such additional instructions have been given, correct charges requested by either party should be given.

APPEAL from the County Court of Shelby.

Tried before the Hon. JOHN S. LEEPER.

This was a prosecution of the appellant, William S. Harper, for obstructing a public road, and was instituted in the County Court of Shelby county on an affidavit made before H. E. Reynolds, a notary public and *ex officio* justice of the peace of that county, who also issued the warrant of arrest, returnable into the County Court. The defendant pleaded to the jurisdiction of the court, on the ground that "said act of the General Assembly of 1894–95, creating and establishing the County Court of Shelby County is void and null for want of constitutionality, in that the said act contains more than one distinct subject, *viz*: one subject for misdemeanors and one subject for felonies." This plea was overruled. The defendant then demurred to the affidavit and warrant of arrest, on the ground that they were void, because a notary public and *ex offiio* justice of the peace is without authority to issue warrants returnable to the Shelby County Court. The demurrer was overruled. The opinion sufficiently states the evidence in the case. The defendant duly excepted to the charge of the court which is stated in the opinion. The charge given by the court, of its own motion, when the jury returned into court for further instructions, was as follows: "That the owner of land could not change a road over his own premises when he has permitted the public to use or travel over the same for a term of twenty years, without an order from the commissioner's court, and that the changing of said road from time to time by the owner would not change the public's right over said road, if the jury should believe said change of road was merely for shortening it, or making it more conven-

ient." The defendant excepted to the giving of this instruction.

W. T. JOHNSON, for appellant, cited 3 Brick. Dig. p. 817, § 3; 34 Ala. 488; 70 Ala. 589.

WM. C. FITTS, Attorney-General, for the State, cited *Johnson v. State*, 17 So. Rep. 99; *James v. Hendree's Admr.* 34 Ala. 488; *Thompson v. State*, 20 Ala. 54; 21 Ala. 48.

HARALSON, J.—The question as to the constitutionality of the act of 1895,—Acts 1894-5, p. 1088,—was considered and settled in the case of *Harper v. The State*, at the present term, *ante*, p. 28, where it was held that said act was constitutional as to the trial of misdemeanors by said county court.

There is nothing in the point that the affidavit on which the defendant was arrested was made before, and the warrant for his arrest,—returnable to the county court,—was issued by a notary public and *ex-officio* justice of the peace. Section 3 of said act authorizes prosecutions to be commenced before any judicial officers of said county, and warrants to be issued by them returnable to said county court. Notaries public, with powers of justices of the peace, are judicial officers in this State. Code, §§ 646 and 1118.

The material question in the case is, whether the road the defendant is charged with obstructing is a public road within the meaning of the statute, as contradistinguished from a private way. "A public highway is one under the control and kept up by the public, and must be either established in a regular proceeding for that purpose, or be generally used by the public for that purpose for twenty years, or dedicated by the owner of the soil and accepted by the proper authorities." *Kennedy v. Williams*, 87 N. C. 6; *McDade v. The State*, 95 Ala. 30. The uses must be adverse to, not merely permissive by, the owner of the soil, and continuous and uninterrupted for the period prescribed. As has been said, "When the use of a way has been interrupted, prescription is annihilated, and must begin again, and any unambiguous act by the owner, such as closing the way at night, or erecting the gates or bars, which evinces his inten-

tion to exclude the public from its uninterrupted use, destroys the prescriptive right." *Shellhouse v. The State,* 110 Ind. 509; 9 A. & E. E. of Law, 367–8. A private right of way can not be created by dedication. It can be only to the public use, and will not be presumed except by the clearest intention of the owner to that end, and it must be completed by the acceptance of the public, which may be manifested from any public use, or by some corporate act, or acts of public officers, recognizing and adopting the highway as public. *State v. Sullivan,* 70 Ala. 593; *Smith v. Inge,* 80 Ala. 284; *Forncy v. Calhoun Co.,* 84 Ala. 220; *Gage v. M. & O. R. R. Co.,* 84 Ala. 224; *Compton v. Hawkins,* 90 Ala. 411.

Now, the evidence in this case on which the defendant was convicted was, as set out in the transcript, that the road he is charged   with obstructing, was first opened by May and Keller in 1868 through the field of said May; that it was May's field road; that it was changed by May, at his own will, as many as four times, the last change occurring in May, 1882 or 1883; that said road was never opened by any order of the commissioners' court, nor was it ever worked by the public; that defendant is a son-in-law of May, and acquired title from him, to the land on which the road runs; that it is his field road, and he erected a fence across it, and opened up another way, the one from which May had originally changed it, to the one through his field; that May, in 1892 or 1893, had a gate put across said road, and made the changes in it at his will, diverting its course, and that he permitted the travelling ·public to go over and along said road, but for how long a time was not shown. · It was not shown when the particular acts of obstruction of the road, for which defendant was being prosecuted, occurred. It was shown that there were other ways for the public to get to and from market, than by this route through the field, but the latter was shorter by about 300 or 400 yards. The court upon this evidence charged the jury, that if they believed from the evidence beyond a reasonable doubt and to a moral· certainty that the public had used the road for 20 years, then it became a public road without any dedication. The evidence did not authorize such an instruction. It ignored the evidence to show that the road was private, and that the public. enjoyed no more than a permissive

license to use it, revocable at the will of the owner, and, as for the 20 years user, it was abstract. Indeed, on the whole evidence the court might, if requested, have given the general charge for defendant.

After the jury had been out about twenty hours, they returned into court for further instructions, and the court, of its own motion, gave them another charge (which will be set out in the statement of facts) which was abstract and as erroneous as the first one given, if not more so, to which defendant excepted. It is added that the court held, "that when a jury returned into court for further instructions, neither the State's nor defendant's attorney had the right to ask written charges." It is not shown that defendant's attorney asked the court, at this point, to give any written charge. There was nothing improper in the court giving additional instructions to the jury, when they returned and asked to be instructed further; and it may be added, in such case, that if the attorney had requested the court to give written instructions to the jury, after the court had given other instructions, additional to those given before their first retirement, it would have been the duty of the court to give or refuse them, as they may have appeared to be correct or otherwise. On this subject see *Collins v. The State*, 33 Ala. 434; *McNeill v. The State*, 47 Ala. 498; *Cooper v The State*, 79 Ala. 54; *Feibleman v. Manchester F. A. Co.*, at this term.

Reversed and remanded.