# Harper *v.* The State.

*Indictment for Obstructing Public Road.*

1. *Organization of petit jury ; construction of special statute.*—Under section 11 of the statute relating to proceedings in the county court of Shelby county (Acts of 1894-95, p. 1088), which authorizes said county court to cause juries to be summoned "from the by-standers or from the county at large to supply any deficiency in the regular jury, or to form one or more entire juries, as the occasion may re-quire," the court may, upon quashing the regular venire of petit ju-rors summoned for the particular term, order two entire juries to be summoned in the manner directed by the statute.

2. *Highways ; after the dedication of a road and use by the public, an owner can not reclaim or obstruct it.*—Where a road has been dedicated to and occupied by the public, a mere change in some parts as to di-rection, does not show, as a conclusion of law, a reclamation by the owner; and after such dedication and use by the public, the owner of the land upon which the road is situated has no right to obstruct said road, so as to prevent its use by the public.

APPEAL from the County Court of Shelby.
Tried before the Hon. D. R. McMILLAN.

The appellant, Will S. Harper, was tried and con-victed for the offense of obstructing a public road. The facts necessary for a full understanding of the decision on the present appeal, are sufficiently stated in the opinion.

The court, among other things, instructed the jury, at the instance of the prosecution, as follows : (1.) "The court charges the jury that if they believe from the evi-dence, beyond all reasonable doubt and to a moral cer-tainty, that the road said to have been obstructed by the defendant was dedicated to the public by Mr. Dunlap,

and used by them as a public road, then Mr. Frank May nor any one else would have the right to obstruct said road. And if they further believe from the evidence beyond a reasonable doubt and to a moral certainty that the defendant obstructed said road, then they must find the defendant guilty." To the giving of this instruction the defendant duly excepted; and also separately excepted to the court's refusal to give each of the following written charges requested by him: (1.) "The court charges the jury that if they believe the evidence, they must find the defendant not guilty." (3.) "If the jury believe that Mr. May, the original owner, has changed this road from time to time and not more than twenty years elapsed between the time of changes, then this is a reclamation by the owner, and will show that May never intended it—the road—as a public road."

W. S. CAREY, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State. The use of a way by the public for twenty years gives a prescriptive right of a public as well as a similar use does of a private way, and this right, when once established, continues until it is clearly and unmistakably abandoned. A transient or partial non-use will not work an abandonment.—Washburne on Easements & Servitude, (4th ed.), 199. This period (twenty years), wherever the common law obtains, has always created a prescriptive right, as well in the public as in private individuals. Such a right once obtained is valid, and may be enjoyed by the public to the same extent as if a grant existed, it being the legal intendment that its use was originally founded upon such right.—*Lewiston v. Proctor*, 27 Ill. 417; *Hoole v. Attorney-General*, 22 Ala. 190; *Kennedy v. Jones*, 11 Ala. 81; Angell on Highways, 161, § 143.

COLEMAN, J.—The defendant was tried and convicted of the offense of obstructing a public road. At the term of the court at which defendant was convicted, the court made the following order: "It appearing to the court, that by reason of the fact that the venire of petit jurors summoned for this term of the court, consisting of one week, has been quashed on account of not

[Harper v. The State.]

having been issued and summoned as the law requires, it is rendered necessary to form two entire juries. It is, therefore, ordered by the court that the sheriff proceed to summon from the bystanders or from the county at large twenty-four jurors to serve as petit jurors for the present term." Under this order, two juries were summoned and impannelled. No question is made as to the validity and regularity of the order quashing the original venire, and we do not consider it. This order was made upon motion of defendant. After the order had been made and the venire summoned as directed, the defendant moved the court "to quash said order or venire, for that it was without authority of law, in that said court had no authority in law, express or implied, to issue an order or venire, except for completing a regular organized jury," &c., which motion was overruled, and the defendant excepted.

The court proceeded under a special statute relating to proceedings in the county court of Shelby county. Acts of 1894–95, p. 1088. Sections 11 and 12 of said act, p. 1092, read as follows:

"Sec. 11. *Be it further enacted*, That when by reason of challenges, or any other cause it is rendered necessary, the court may cause jurors to be summoned from the by-standers or from the county at large to supply any deficiency in a regular jury, or to form one or more entire juries as the occasion may require, and each talesman, when called to complete or fill up a regular jury when organized at the beginning of the term, may be required to sit during the week for which the regular jury was drawn, but if called after the jury is organized they can only be required to serve during the day for which they were respectively summoned, unless detained longer in the trial of an issue submitted to the jury of which they are members, or unless they are resummoned.

"Sec. 12. *Be it further enacted*, That during any term of said court if both the juries summoned to serve should at the same time be absent deliberating upon cases submitted to them, and the court should not be able to proceed with the business without a jury, the judge may order another jury to be summoned instanter from the bystanders or from the body of the county to serve as jurors until one of the regular juries should return a

[Harper v. The State.]

verdict, or until the cause for which such special jury
were summoned is ended.''

We are of opinion that the provisions of section 11
are broad enough to cover the case, and authorized the
court to organize the petit juries for the week. This
seems to be the principal question in the case, but we
find one other in the record, which will be considered,
although the appellant has not aided the court with
either argument or brief.

There was evidence tending to show that the road in
question had been used by the public for more than forty
years, and that it. had been dedicated to the public.
The road was known as the Dunlap road, and a Mr.
Dunlap, it seems, was in possession, and there was evi-
dence tending to show a dedication by him. A Mr. May
succeeded Dunlap. There is evidence, that May at dif-
ferent times made slight alterations in some parts of the
road, but which added to the convenience of the public.
At no time had the road been changed at or about the
place where it was obstructed by defendant. This state-
ment of facts authorized the giving of charge No. 1 for
the prosecution.

Charge 3 requested by the defendant *assumed* that May
was the original owner. It also invades the province of
the jury. Furthermore, if the road had been dedicated
to the public either by Dunlap or May, and so accepted
by the public, a mere change in some parts as to direc-
tion, as shown by the evidence, would not, as a conclu-
sion of law, show a ''reclamation'' by the owner; and
again, if the road had become a public road in fact, by
dedication, neither May nor any one else had the power
to deprive the public of its use, or destroy its character
as a public road. The evidence in some material re-
spects is different from what it was on the former appeal.
*Harper v. State*, 109 Ala. 66.

Affirmed.