# Oddo *v.* The State.

## *Receiving Stolen Goods.*

(Decided July 2, 1907, 44 South. 646.)

1. *Receiving Stolen Goods; Evidence.*—It is competent to show by the person alleged to have committed the larceny, or participating therein, that he delivered the property thus acquired to the defendant.

2. *Same.*—Where a witness testified that he had delivered the goods to the defendant, it was harmless, if error, to refuse to permit the defendant, upon cross examination of the witness, to show what amount the witness paid the owner of the goods, as the only effect of such evidence was to determine the amount of the value of the property to be assessed against the defendant in case of a conviction. (Sec. 5052, Code 1896.)

3. *Same; Incriminating Others.*—It was incompetent for the defendant to show a statement by his wife, that she, and not he, bought the goods alleged to have been stolen.

4. *Same.*—It was immaterial, and not competent, for the defendant to show by a witness that witness had purchased some furniture, alleged to have been stolen, from defendant's wife.

5. *Same; Instructions; Defining Offense.*—A charge attempting to define the offense of receiving or concealing stolen property, which omits to state the absence of intent to restore it to its true owner, is faulty.

[Oddo v. The State.]

6. *Same.*—If a person aids in receiving or concealing property know-ing it to have been stolen, without intending to restore it to the owner, he is guilty of receiving or concealing stolen property.

7. *Same.*—Although defendant did not know that the property had been stolen when it came into his possession, and did not take any part in receiving it, yet, when he disposed of it, if he did so intend-ing to conceal it, knowing it to have been stolen, and not intending to restore it to the owner, he is guilty of receiving or concealing stolen goods.

8. *Trial; Instructions Assuming Facts.*—A charge assuming that the property was concealed is improperly given, as assuming a fact which is within the province of the jury to declare.

9. *Same; Confused Instructions.*—A charge which is confused and ambiguous is properly refused.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Mike Oddo was convicted of concealing stolen prop-erty, and he appeals. Reversed and remanded.

The indictment in this cause charged that the defend-ant did buy, conceal, or aid in concealing certain per-sonal property of the Bessemer Furniture Company, a corporation, knowing that it was stolen, and not having the intent to restore it to the owner. The facts are suffi-ciently stated in the opinion.

In his oral charge to the jury the court said: "It will be noticed that the indictment charges that the defend-ant did receive, conceal, or aid in concealing the prop-erty, knowing that it was stolen, and not having the in-tent to restore it to the owner. He is thus charged in the alternative with receiving, concealing, or aiding in con-cealing the property; and if, under the evidence, you find that it was stolen, and the defendants concealed it, or aided in concealing it, knowing it to be stolen, he would be guilty, although he did not know it had been stolen at the time he received it." Further charging the jury, the court said: "I charge you that if Coburn took the property out of the warehouse of the Bessemer Furn-iture Company, as alleged in said indictment, even if he was employed there at the time, if he feloniously took

the property at the time, with the intention to steal it or sell it for his own use, then I charge you this would be larceny, and the property would be stolen property under the circumstances."

The court gave the following charges at the request of the state: "(1) If the jury believe from the evidence beyond a reasonable doubt that Mike Oddo aided in receiving or concealing the property named in the indictment, knowing it to have been stolen, without the intent of restoring it to the owner, then you should convict the defendant. (2) If the evidence convinces you beyond a reasonable doubt that the defendant, in concealing or aided in concealing this property as alleged in the indictment, knowing it as having been stolen, without the intent of restoring it to the owner, then you should convict the defendant. (3) If the evidence convinces you beyond a reasonable doubt, notwithstanding the fact that at the time the furniture came into the possession of the defendant he did not then know it had been stolen, nor took any part in receiving or having it, yet if you further believe from the evidence beyond a reasonable doubt that at the time he disposed of the property that he did it with the intent to conceal it, knowing it to have been stolen and not having the intent to restore it to the owner, you should convict the defendant."

The court refused the following charges to the defendant: (1) The general affirmative charge. "(2) The court charges the jury that if you believe from the evidence in this case the property was stolen as alleged in the indictment, before you can convict the defendant, you must believe from the evidence beyond a reasonable doubt that when he bought it, if you believe he bought it, that he knew at the time it was stolen, and for concealing it, you must believe from the evidence he knew at the time of concealing said property. he knew it had been

stolen, and unless you so believe you must acquit the defendant."

There was a judgment of conviction, and defendant appeals.

·PINKNEY SCOTT, for appellant.—No brief reached the Reporter.

ALEXANDER M. GARBER, Attorney General, for State. —No brief reached the Reporter.

DOWDELL, J.—The indictment in this case was drawn under section 5054 of the Criminal Code of 1896, and on which the defendant·was convicted. There was evidence on the part of the state tending to show that the· personal property described in the indictment had been stolen from the alleged owner. It was competent for the state to show by the witness Levi Pratt, who participated in the larceny of the property, that he (witness) delivered this property to the defendant. The defendant's counsel asked this witness on cross-examination to tell the jury how much he had paid the Bessemer Furniture Company and Mr. Mitchell; the Bessemer Furniture Company being the alleged owner of the goods. The court sustained an objection to this question·interposed by the state. There was nothing prejudicial to the defendant in this ruling of the court. The only theory upon which this evidence might become competent would be in the assessment of the value of the stolen property as costs against the defendant under section 5052, when the property stolen is not restored to the owner. In this case there was no such assessment of value against the· defendant.

It was not competent for the defendant to show, by his witness Childers, a statement by the defendant's wife

[Oddo v. The State.]

that she, and not her husband, bought and received the property in question. The defendant proposed to show by his witness Mike Gallows that he (witness) bought some furniture from the wife of the defendant. On objection of the solicitor this evidence was excluded by the court. In this ruling there was no error, as the evidence offered was wholly immaterial.

The defendant requested the court to give the general affirmative charge, which was refused, and in this there was no error, since there was ample evidence upon which the jury might find the defendant guilty.

The second charge requested by the defendant in writing, if for no other reason, was properly refused upon the ground of its being confused and with a tendency to mislead the jury.

The part of the oral charge excepted to by the defendant, in which the court undertook to state the law of the case as to what constituted the offense of receiving, concealing, or aiding in concealing stolen property, omitted a constituent element of the offense, namely, "not having the intent to restore it (the property) to the owner." This was error.

The written charge No. 2, given at the request of the state, invaded the province of the jury in assuming that there was a concealment of the property. The giving of this charge was error.

There was no error in the giving of written charges Nos. 1 and 3, requested by the state.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.