# Fulton *v.* The State.

*Receiving or Concealing Stolen Goods.*

(Decided June 17, 1913.  62 South. 959.)

1. *Bill of Exceptions; Establishment.*—Where a correct bill of exceptions is duly tendered to the trial judge in due time, and he refuses to sign it only because his term of office has expired, a motion to establish the bill will be granted.

17 CA

[Fulton v. The State.]

2. *Criminal Law; Directing Verdict.*—Where the evidence is such as to overcome prima facie the presumption of innocence, the verdict should not be directed for defendant.

3. *Receiving Stolen Goods; Elements.*—In order to establish the crime, defined by section 7329, Code 1907, it must appear that the property was stolen; that defendant bought, received or concealed or aided in so doing; that he knew at the time that it was stolen, and had no intention of returning it to the owner.

4. *Same; Evidence.*—The evidence stated and held sufficient to take to the jury the question whether defendant knew that the property had been stolen when he bought it.

5. *Same.*—Unless the denial results from a misunderstanding or from fear, a false denial by a receiver of stolen goods that he bought or received them is presumptive evidence of guilty knowledge, and whether the denial was a result of a misunderstanding or of fear, is a question to be determined by the jury.

6. *Same.*—Guilty knowledge by a purchaser of stolen goods may be inferred from the fact that they were purchased for very much less than their real value.

7. *Same.*—Possession of goods recently stolen imposes upon the possessor the burden of showing how they came into his possession, and a failure to make a reasonable explanation will justify a conviction for receiving them.

8. *Same.*—The fact that a purchase of stolen goods was made openly in the presence of others and not secretly, is not conclusive that defendant did not know they had been stolen.

APPEAL from Jefferson Criminal Court.

Heard before Hon. M. FRANK CAHALAN.

Walter Fulton was convicted of receiving stolen goods, and he appeals. Affirmed.

HARSH, BEDDOW & FITTS, for appellant. The bill of exceptions should be established, as it is admittedly correct, and the only reason for declining to sign it was that the term of the judge had expired. The affirmative charge should have been given because of the want of proof of some of the elements constituting the offense. *Orr v. State,* 18 South. 143; *Thomas v. State,* 19 South. 403; *Gassenheimer v. State,* 52 Ala. 319; 2 Bish. Crim. Law, sec. 1138; 26 Am. Dec. 261 and notes; *Castleberry v. State,* 60 Am. Rep. 53.

[Fulton v. The State.]

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The evidence justified the verdict, and the court was not in error in refusing the affirmative charge.—*Collins v. State,* 33 Ala. 434; *Adams v. State,* 52 Ala. 379; *Gibbs v. State,* 130 Ala. 101; *Rowland v. State,* 140 Ala. 142; *Hester v. State,* 103 Ala. 83.

THOMAS, J.—The defendant was convicted on an indictment charging him with buying, receiving, concealing, or aiding in concealing one diamond shirt stud, the property of John H. Lewis, knowing it was stolen, and not having the intent to restore it to the owner. At the conclusion of the evidence in the case, the defendant requested in writing the general affirmative charge in his favor, which the trial court refused to give. Its action in this particular is the sole question presented for our consideration, except the motion to establish the bill of exceptions, which must be and is granted, since the proof is without conflict that the bill of exceptions tendered the trial judge was correct in all particulars, and that he refused to approve it only because his term of office expired before it was tendered him for signature, which was within the time required by law.

In a criminal case, the court should never grant the affirmative charge for the defendant when the evidence is of such a character as to overcome, prima facie, the presumption of defendant's innocence.—*Jones v. State,* 90 Ala. 630, 8 South, 383, 24 Am. St. Rep. 850.

To establish the crime, under section 7329 of the Code, with which the defendant is here charged, it was necessary, of course, to show: (1) That the property alleged to have been bought, received, or concealed by defendant was in fact stolen property; (2) that defendant either bought it, received it, concealed it, or aided

in concealing it; (3) that he did so knowing at the time he either bought it, received it, concealed it, or aided in concealing it that it was stolen; (4) and that he did not have the intent to restore it to the owner.—*Oddo v. State,* 152 Ala. 51, 44 South. 646; *Booker v. State,* 151 Ala. 98, 44 South. 56; *Anderson v. State,* 130 Ala. 126, 30 South. 375; *Sellers v. State,* 49 Ala. 357; *Holt v. State,* 86 Ala. 599, 5 South. 793.

In this case we are of opinion, after a careful review, that there is evidence tending to support, by fair and reasonable inferences to be drawn from it, every material ingredient of the offense, and that the trial court would not have been justified in giving the affirmative charge for defendant. Defendant admits that he bought the property, but denies that he knew it was stolen. It seems to be the main contention that the evidence is not sufficient to warrant a submission of this question to the jury. Says Judge Stone: "Knowledge of the theft * * * [on the part of the one charged with buying or concealing stolen property] can rarely be the subject of direct proof. Like most other facts, it may be inferred from other sufficient facts and circumstances. In criminal trials, the jury are charged with the ascertainment of the facts, and, in doing so, are permitted to draw all reasonable and satisfactory inferences."—*Collins v. State,* 33 Ala. 437, 73 Am. Dec. 426. Says Judge Brickell: "The guilty knowledge, which is an essential element of the offense, is rarely the subject of direct and positive proof. It is inferred from circumstances that are as various as the shapes crime assumes. * * * It is the province of the jury to draw the inferences from the facts in evidence, and it must be clear and indisputable that no reasonable inference can be drawn from them, before the court should deny to them

the right of determining the inferences of which the facts are capable."—*Adams v. State,* 52 Ala. 381.

In this case, the evidence for the state tends to show that Jesse and Herbert Allison stole the diamond stud in question from the owner, J. H. Lewis, in Birmingham, while he was under the influence of intoxicants or drugs administered by them, or which they induced him to drink; that they later sold the diamond stud, of the value of about $200, to defendant for $40, and left for Nashville, where, a short time after, they were arrested and turned over to Birmingham officers, to whom they stated that they had, before leaving Birmingham, sold the diamond stud to defendant. Two of such officers went together to see defendant about it. They both testify, in substance, that they told defendant of the arrest and bringing back from Nashville of the Allison boys, who were then in jail in Birmingham, and that they (the Allison boys) claimed that they had sold the diamond stud to defendant, which the officers then demanded that he turn over to them; that the defendant thereupon denied having gotten a diamond stud from the Allison boys, whereupon the officers required him to go to the jail with them and confront the Allison boys. The two officers differ slightly as to what was said on reaching the jail. One says that he (the officer) asked Allison if he sold defendant a diamond stud, and upon his reply that he had done so, defendant admitted it, but said he had disposed of it to a drummer on the same night he bought it, and could not therefore produce it; the other officer testified that on reaching the jail the defendant asked Allison, "Did you tell these officers you had sold me a diamond ring?" to which Allison replied, "No, I told them I sold you a diamond stud." Defendant then said, "Yes; that is true and correct. You did sell me a diamond stud, but

you have never sold me a diamond ring. I understood them to say 'ring' "—and the defendant further stated that he had, on the same night he bought it, sold the stud to a drummer, and did not know where it could be located. The defendant, in his statement, claims that when the officers mentioned the matter to him they said it was a diamond ring that the Allison boys claimed they had sold him, and that what he denied was that he had bought a diamond ring from the Allison boys; that the officers made no mention of a diamond stud. Even if this be true, though both officers deny it, as shown, it does not much improve defendant's case. Assuming that the officers did speak of it as a diamond ring, and not as a diamond stud, defendant knew that, although he had not bought a diamond ring from these persons, whom the officers in effect informed him were then in jail as jewelry thieves, he had bought at a sacrifice price a diamond stud from them very recently (only a few days before), which they at the time claimed to defendant, according to his contention, they won in a crap game. It occurs to us that if defendant were as innocent as he contends, and bought this diamond stud from these fellows in good faith, and was not afraid of an explanation as to how he came by it, he would, in the same breath in which he denied to the officers buying a diamond ring from the thieves, have volunteered the information that he had bought a diamond stud from them. He knew that these officers were out after diamond jewelry (whether a ring or stud was immaterial) which these men in jail had disposed of. This was the substance of the matter, and it seems to us that if he was free from guilty knowledge about their transactions, he would not have been so technical in limiting his answer to the exact question asked, but would have, on a mere suggestion, given a full, frank, and free dis-

[Fulton v. The State.]

closure of all he knew. Real innocence is never a stickler, and true honesty never quibbles about mere terms. According to his own evidence, while he told only the truth, it was not the whole truth. According to the testimony of the officers he told not the truth at all, but expressly, they say, denied buying a diamond stud from the Allison boys, until confronted by them at the jail.

The false denial by a purchaser of stolen goods that he ever bought or received such goods is presumptive evidence of his guilty knowledge.—*People v. Levison,* 16 Cal. 98, 76 Am. Dec. 505; *Huggins v. People,* 135 Ill. 243, 25 N. E. 1002, 25 Am. St. Rep. 357; *Frank v. State,* 67 Miss. 125, 6 South. 842; *State v. Miller,* 159 Mo. 113, 60 S. W. 67.

But if the denial is the result of a misunderstanding, or of fear of consequences, it will not have that effect.—*Sartorious v. State,* 24 Miss. 602. Whether it was or not is, of course, a question for the jury, where, as here, the evidence on that subject is in dispute.

Likewise guilty knowledge may be inferred from the fact that the receiver purchased the goods for very much less than their value.—*People v. Levison, supra; People v. Hertz,* 105 Cal. 660, 39 Pac. 32; *People v. Clausen,* 120 Cal. 381, 52 Pac. 658; *Huggins v. People, supra; State v. Houston,* 29 S. C. 108, 6 S. E. 943; *Trail v. State,* (Tex. Cr. App.) 57 S. W. 92. Here, the defendant purchased the diamond stud for $40, and it was shown to be worth about $200.

Possession of goods, proved to have been recently stolen, imposes on the possessor the onus of explaining how he came into possession of them; and, if he fail to make a reasonable explanation, it raises a presumption of guilt which will justify the jury in a conviction of such person.—May. Dig. p. 583.

The fact that the purchase from the thief was made openly in the presence of others, and not secretly, even if believed by the jury, is not conclusive that the transaction was an innocent one, or that defendant did not know the property had been stolen. Whether he did or not was still a question for the jury, under all the facts of the case.—*Talbert v. State,* 121 Ala. 35, 25 South. 690.

We are of opinion that the trial court committed no error in refusing the affirmative charge requested by defendant.—*Collins v. State,* 33 Ala. 434, 73 Am. Dec. 426; *Adams v. State,* 52 Ala. 379; *Gibbs v. State,* 130 Ala. 101, 30 South. 393; *Rowland v. State,* 140 Ala. 142, 37 South. 245.

The judgment of conviction is therefore affirmed.

Affirmed.