# Summers *v.* The State.

### Larceny.

(Decided January 20, 1916. 70 South. 951.)

1. **Trial; Remarks of Counsel.**—Where the evidence showed that defendant, after his arrest, informed the officers where the goods alleged to have been stolen were concealed, and that the officers found the goods at that place, and that previous to the arrest defendant had some of the goods in his possession and first stated that he bought the box of hardware from a negro, and later stated that he took the box of hardware, but did not break open the car, but got it off the platform, it justified the statement of the solicitor in his preliminary remark to the jury that he expected the evidence for the state to show that defendant had made a voluntary and free statement to the police officers.

2. **Appeal and Error; Harmless Error; Instructions.**—Where the jury returned a verdict of guilty as charged in the second count, thus acquitting as to the first count, defendant was not prejudiced by refusal of an instruction to find him not guilty as to the first count.

APPEAL before Mobile City Court.

Heard before Hon. O. J. SEMMES.

Charles D. Summers was indicted for larceny and for receiving stolen goods, and from a conviction of the latter offense he appeals. Affirmed.

HARRY B. GROOM, for appellant. W. L. MARTIN, Attorney General, and NORBORNE R. CLARK, Solicitor, for the State.

BROWN, J.— (1) The solicitor, in his preliminary statement to the jury, said: "That he expected the evidence on the part of the state to show the defendant had made a statement voluntarily and freely at the police station."

Appellant insists that this statement was unwarranted by the evidence and prejudicial to his rights. Even if it be conceded that this statement implies that the defendant had made a confession, we do not concur that the statement was unwar-

[Rowlan v. The State.]

ranted. The evidence shows that the defendant, after his arrest, informed the officer making the arrest where the goods alleged to have been stolen were concealed, and, acting on this information, the officer found the goods at the place indicated in the defendant's statement and concealed in the manner stated by him. The evidence further tended to show that previous to the defendant's arrest he had some of the goods in his possession at the house of McGinnis; and the witness Crenshaw testified, after proper predicate was laid: "That defendant stated first that he bought the box of hardware from a negro for $3, and afterwards he stated he took the box of hardware, but that he did not break open the box car; that he got it off of the platform."

(2) The jury returned a verdict of guilty as charged in the second count of the indictment. This operated as an acquittal of the offense charged in the first count; therefore the defendant was not prejudiced by the refusal of the affirmative charge as to that count.

The evidence justified a submission of the case to the jury, and the court properly refused the affirmative charge as to the second count and also a like charge as to the whole case.—*Fulton v. State*, 8 Ala. App., 258, 62 South. 959.

This disposes of all questions insisted on by counsel for appellant, and, after an examination of the record, we find no reversible error.

Affirmed.