NEW-YORK,
May, 1834.

Hopkins
v.
The People.

---

HOPKINS vs. THE PEOPLE.

In an indictment for *receiving stolen goods*, it is not necessary to allege that they were received upon any consideration passing between the thief and the receiver.

ERROR from the general sessions of Cortland. Hopkins was indicted for receiving stolen goods. The indictment charged that the defendant on, &c. at &c. one mare, of the value of $80, &c. of the goods and chattels of one B. M., by a certain ill-disposed person, to the jurors unknown, then lately before stolen, taken, carried and led away, of the said ill-disposed person, *feloniously did receive and have ;* he, the said David M. Hopkins, then and there, well knowing the said goods and chattels to have been feloniously stolen, taken, carried and led away, to the great damage, &c. On the trial, the counsel for Hopkins objected to the indictment as insufficient, but

the objection was overruled, and the accused was convicted and sentenced to the state's prison. A bill of exceptions having been tendered and sealed, the prisoner sued out a writ of error.

*S. Strong*, for the prisoner.

*W. H. Shankland*, for the people.

*By the Court*, NELSON, J. The indictment is founded upon the revised statutes, 2 R. S. 680, § 71, and it is supposed, on the part of the prisoner, that under this section it is necessary to set forth that the prisoner received the goods upon some *consideration paid*, or that the offence does not come within the letter or spirit of the act. The language of the section is, " every person who shall *buy* or *receive in any manner*, upon *any consideration*, any personal property," &c. Now it is obvious that the intent and meaning of the act is to make it an offence for any person to buy or receive in any manner, or upon any consideration, goods, knowing them to be stolen—and so the section was reported by the revisors. The buying or receiving goods *upon a consideration*, was no doubt specified particularly with a view to rebut any pretence that might be set up, by way of defence, that the goods were purchased for a valuable consideration. It would be strange indeed that the legislature should have intended to restrict the offence to cases where the property was received upon consideration passing between the thief and receiver, and not embrace cases where it was received without consideration. The offence is the receiving of goods, knowing them to have been stolen, and whether received upon, or without consideration, does not affect the criminality of the act.

Judgment affirmed.