THE PEOPLE *vs.* CASWELL.

Where in an *indictment* for receiving stolen goods, the charge was that the prisoner had feloniously received of an ill-disposed person, to the jurors known as *Deman Boyce*, a cow, the property of, &c., which had then lately before been stolen by the said ill-disposed person, with the knowledge of the felony, and the verdict of the jury was that the prisoner was *guilty of receiving the cow* charged in the indictment as stolen property, *knowing her to be stolen*, without finding *by whom* the property was stolen, the conviction was held proper, and a judgment rendered upon the verdict was affirmed.

ERROR from the Monroe general sessions. The prisoner was indicted for that he, on, &c. at, &c. a cow, the property of &c. by a certain ill-disposed person to the jurors aforesaid [i. e. the grand jurors] known as *Deman Boyce* then lately before feloniously stolen, of the same ill-disposed person feloniously did receive, well knowing the same to have been feloniously stolen. The prisoner was tried, and the jury found him guilty " for *receiving the cow* charged in the fourth count of the indictment as stolen property, *knowing her to be stolen*." The court sentenced him to six months imprisonment in the county jail and to pay a fine of $150. The prisoner sued out a writ of error, and the cause was argued at the last term by.

*S. Stevens,* for the prisoner.

*S. Beardsley,* (attorney general,) for the people.

*By the Court,* COWEN, J. The first objection is, that the petit jury do not find that the cow was stolen by any one, and certainly not by an evil disposed person known as Deman Boyce to the grand jury. This is supposed to be a material averment, which must be found as laid. The single question is, whether it be material in making out the crime of receiving goods, that the thief should be named or described. If it be material, the verdict is defective ; otherwise not. In *Mackalley's case,* 9 Rep. 61, 67, the indictment, which was for murder, charged that an officer in ex-

The People v. Caswell.

ecuting his duty under a sheriff's precept particularly set forth, was killed. The jury found that there was no precept, and yet that officer was acting in the execution of his duty. The verdict was held good as finding the substance of the charge, viz. that the officer was killed in the execution of his office, which was therefore murder; and the precept was said to be but a mere circumstance, not material to allege, and therefore it need not be proved. See also as to this rule, 1 Ch. Cr. Law, 559, ed. 1836.

The statute of receivers is general, that it shall be penal for a man knowingly to receive personal property stolen from another. 2 R. S. 567, § 71, 2d ed. And see *Hopkins* v. *The People*, 12 Wendell, 76. In *Thomas' case*, 2 East, P. C. 781, the indictment was that the prisoner had received goods stolen by a person to the grand jurors unknown. On conviction it was objected that the indictment was defective, it not naming the principal thief. The objection was overruled, the judges remarking, that the great view of the statutes was to reach the receivers where the principal thieves could not be discovered. "In another and later case, the prisoner was convicted on a like indictment, though the grand jury finding the indictment did in truth know the principal thief, for they had before returned an indictment against him by name. On the question being submitted to the judges, they held that the second indictment was not vitiated by that circumstance; and though the knowledge of the grand jury was in evidence on the trial, they would not interfere. *Rex* v. *Bush*, Russ. & Ry. Cr. Cas. 372. The ground on which this decision was made is not stated. It was certainly shown very satisfactorily that the grand jury believed that one Moreton, whom they had first indicted by name was the thief. The indictment of Bush, the accessory, is treated as a second indictment, and the judges say simply that the finding of the other was no objection to the second.

The receiving of stolen goods is, in its own nature, an offence, if they be known by the receiver to have been stolen : and if directly alleged to have been stolen by A., it is difficult to conceive that the prisoner should be able to defend

himself either by proving that they were stolen by B., or the failure of the evidence for the prosecution to show a thief in particular, so long as the accused knew that they were stolen. The one who delivers them to him may declare that they were stolen by another, who is desirous that his name should remain a secret from all the world; yet if he receive them, he is as guilty as if the deliverer had admitted himself to be the thief. It cannot therefore be an essential matter of description that any one in particular committed the theft; and if one be named, this may be passed over as a mere circumstance, as well, if not even on better reason than the precept in *Mackalley's case.* In *Pye's case,* 2 East. P. C. 785, 1 Leach, 352, note, S. C., the robbery was charged as having been committed in *Wilday's house,* but was not proved to have been committed there; and such proof was held to be unnecessary. See also Rosc. Cr. Ev. 82, and the cases there cited. We think, on the whole, that enough was found by the jury in the court below to make out a complete offence.

An exception is taken to the indictment; but it follows that if it be unnecessary, as we think it is, even to name the thief, then in whatever way he may be described by the indictment, it cannot be complained of as defective. It may be rejected as surplusage.

The judgment of the court below must be affirmed.