[No. 3,075.]

# THE PEOPLE OF THE STATE OF CALIFORNIA *v.* JOSE AVILA.

SUFFICIENT CHARGE IN INDICTMENT FOR RECEIVING STOLEN PROPERTY. A charge in an indictment, which alleges that the defendant received certain stolen property for his own gain, knowing that it was stolen property, is sufficient, without alleging that he received it both for his own gain and to prevent the owner from again possessing his property.

CONSTRUCTION OF STATUTE AS TO RECEIVING STOLEN PROPERTY.—It was intended by section sixty-three of the Act concerning crimes and punishments, to provide for the punishment of the receivers of stolen goods, in

the cases in which it might be impossible to identify with certainty the thieves, as in cases of professional receivers of stolen goods.

SAME—ALLEGATION OF NAME OF THIEF UNNECESSARY.—In an indictment for receiving stolen property, the allegation of the name of the person who stole the goods, or that his name is unknown to the Grand Jury, is unnecessary and immaterial.

APPEAL from the County Court of Placer County.

The indictment against the defendant was as follows:

"Hosea Avila, alias Portuguese Joe, and Cataline Massalina, are accused by the Grand Jury of the County of Placer, in the State of California, by this indictment, of the crime of having for their own gain received certain personal property previously stolen, knowing the same to have been so obtained. The said Hosea Avila, alias Portuguese Joe, and Cataline Massalina, on or about the 29th day of January, A. D. 1871, at a place called Lyon's Bridge, in the County of Placer, and State of California, one bob-tailed Texas red steer, with a dewlap, and of the value of forty dollars, and also one black steer, of the value of forty dollars; and all of said property being of the value of eighty dollars, and which said personal property was then and there the personal property of another, to wit: the personal property of S. S. Funk, E. H. Brooks, and L. Brooks, and which said personal property had been previously stolen by some person or persons to the Grand Jurors unknown, from the said S. S. Funk, E. H. Brooks, and L. Brooks; and the said Hosea Avila, alias Portuguese Joe, and Cataline Massalina, knowing the same to have been previously stolen and to so have been obtained, did then and there willfully and feloniously, for their own gain, receive said stolen property, knowing that the same was stolen property, and knowing that it had been previously stolen, and had been so obtained by the person or persons (whose names are unknown to the Grand Jury) from whom they received it, contrary," etc.

The defendant demurred to the complaint, and the demurrer was overruled. At the trial, one Cornber testified that, as an officer, he had arrested one Trinidad Rodriguez in Placer County for stealing the cattle; that he was a witness against him on his trial in Marysville, and that Rodriguez was convicted. The defendant moved to dismiss the indictment, on the ground of variance between this testimony and the averment in the indictment that the name of the person who stole the property was unknown. The motion was denied. The defendant was convicted, and appealed from the judgment and from an order denying his motion for a new trial.

*W. H. Bullock,* for Appellant, argued that the demurrer should have been sustained, because the indictment does not state that the defendant received the stolen property with intent to deprive the true owner of his property therein. (*Hurrill* v. *The State,* 5 Humph. 68; *Pelts* v. *The State,* 3 Blackf. 28; Wheaton's Cr. Law, Sec. 1899.) He also argued that the Court erred in overruling the motion to dismiss the indictment, and cited *Reed* v. *The State,* 16 Ark. 499; 13 Ark. 712.

*Attorney General Jo Hamilton,* for Respondent.

The indictment charges the offense in the language of the statute, and that has always been held sufficient. (*People* v. *Dolan,* 9 Cal. 576; *People* v. *Cronin,* 34 Cal. 191; *People* v. *Rodriguez,* 10 Cal. 50; *People* v. *Thompson,* 4 Cal. 238; *People* v. *White,* 34 Cal. 183.)

By the Court, RHODES, J.:

The indictment charges the defendant with having feloniously received certain property, *for his own gain,* knowing that it was stolen property, etc. Section sixty-three of the Act concerning crimes and punishments provides that

"Every person who, for his own gain, or to prevent the owner from again possessing his property, shall buy or receive stolen goods, * * * knowing the same to have been so obtained, shall, upon conviction, be imprisoned," etc. The indictment charges the offense in the words of the statute; and according to the numerous authorities in this Court—some of which are cited by the Attorney General—that is a sufficient description of the offense. It is unnecessary to allege that the defendant received the stolen property both for his own gain and to prevent the owner from again possessing his property. The allegation of either intent is, under the statute, sufficient.

The indictment states that the property had been stolen by some person or persons to the Grand Jury unknown; and it was proven at the trial that the person who stole the property had been convicted of the larceny before the indictment in this case was found. The defendant makes the point that there was a variance between the allegation and proof. The authorities cited by the Attorney General are to the point that an allegation of the character above mentioned is sufficient; but it is difficult to see how they have any application to the point presented by the defendant. Without discussing the question whether there was a variance, the point is disposed of by the rules of pleading in criminal cases. There is nothing in the section defining the crime, which, by necessary implication, requires that the name of the thief shall be alleged in the indictment, and it is, therefore, unnecessary. It was obviously intended by the statute to provide for the punishment of the receivers of stolen goods in the numerous cases in which it might be impossible to identify, with certainty, the thieves—in cases of professional receivers of stolen goods. The allegation of the name of the person who stole the goods is, therefore, unnecessary and immaterial; and the allegation that his name is unknown to the Grand Jury is equally immaterial.

This is the rule laid down in all the cases which we have been able to find after a diligent search. (*Commonwealth* v. *State*, 11 Gray, 60; *People* v. *Caswell*, 21 Wend. 86; *State* v. *Murphy*, 9 Ala. 845; *Rex* v. *Bush*, Rus. & Ry. Cr. Cas. 372; *Rex* v. *Jervis*, 6 Car. & P. 156; 2 Bish. Crim. Proc. S. 927.)

The other points presented by the defendant are not well taken, and do not require any particular notice.

Judgment affirmed.