[No. 20785. Department One. — June 18, 1891.]

THE PEOPLE, RESPONDENT, v. P. RIBOLSI, APPEL-
LANT.

CRIMINAL LAW — PLEADING — SUFFICIENCY OF ACCUSATION. — The suffi-
ciency of indictments or informations in this state depends upon whether
or not they are in conformity to statutory provisions.

ID. — RECEIVING STOLEN GOODS — FIRM NAME OF OWNERS — INFORMATION.
— An information charging a defendant with feloniously receiving and
buying stolen goods, the personal property of the estate of certain per-
sons described as copartners in business, doing business under a speci-
fied firm name, sufficiently states the ownership of the property.

ID. — NAME OF THIEF — DEMURRER. — The fact that the name of the thief
is not alleged in the information does not render it obnoxious to a de-
murrer upon that ground.

ID. — OWNERSHIP OF STOLEN GOODS — ESTATE OF PARTNERSHIP — DECEASED
PARTNER — EXECUTORS — VARIANCE. — Where the information describes
the offense with sufficient certainty in other respects to identify the act,
the fact that it describes the property as belonging to the estate of
specified persons, copartners, and the proof shows that one of the part-
ners was dead, and that his estate was represented by executors, who
were the legal owners of the property, does not show a material variance.

ID. — INSTRUCTION — SATISFACTION OF JURY AS TO GUILT. — An instruction
to the jury to the effect that if upon a full and fair consideration of all
the evidence they should be "fairly and clearly satisfied" that the de-
fendant committed the crime charged, they should find him guilty, is
not erroneous because not conveying the idea that they must be "en-
tirely satisfied" of the defendant's guilt.

ID. — EVIDENCE — TESTIMONY OF THIEF — TENDENCY TO IMPUTE KNOWL-
EDGE — CORROBORATION — INSTRUCTION. — An instruction to the jury
to the effect that they could not convict the defendant accused of re-
ceiving stolen goods upon the testimony of the thief unless corroborated
by other evidence, which, in itself, without the aid of the testimony of
the thief, "tends to impute" to the defendant a knowledge that the
goods were stolen, is not erroneous because of the expression "tends to
impute," instead of "imputes."

ID. — INTENT IN RECEIVING STOLEN GOODS — PROOF OF CRIME. — The crime
of receiving or buying stolen goods is made out if the accused received or
bought the goods knowing them to have been stolen, either for his own
gain or to prevent the owner from again possessing his property, the
guilty intent consisting in receiving or buying them for his own gain, or
to prevent the owner from again possessing his property.

ID. — BURDEN OF PROOF — SHIFTING OF BURDEN — REASONABLE DOUBT —
INSTRUCTIONS. — In a prosecution for the crime of receiving or buying
stolen goods, where the defendant relies upon no distinct, separate, or
independent fact, but confines his defense to the original transaction on
which the charge is founded, with its accompanying circumstances, the

burden of proof never shifts, but remains upon the prosecution through-
out the whole case to prove the act committed a criminal one beyond
a reasonable doubt; and it is erroneous to instruct the jury, in substance,
that when the doing of the act of receiving or buying property, knowing
it to be stolen, is once proved, then the burden of proving want of guilty
intent is thrown upon the accused.

ID. — INSTRUCTION AS TO RULE OF EVIDENCE. — Where the court announces
a rule of evidence, and states that it was applicable to "most cases," the
jury are justified in accepting it as the rule laid down for their guidance
in the case which they are engaged in considering.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order de-
nying a new trial.

The facts are stated in the opinion.

*Davis Louderback,* for Appellant.

Goods of a deceased person must be averred, until dis-
tribution, to be the property of the executor or adminis-
trator by name; an executor or administrator has *per se*
such a special property as will permit the goods to be
described as his individually.   (1 Wharton's Crim. Law,
8th ed., sec. 950; *Cole* v. *Com.,* 5 Gratt. 696; *People* v.
*Hall,* 19 Cal. 425; *State* v. *Woodley,* 25 Ga. 235; 2 Pom-
eroy's Archbold's Crim. Pl. & Pr., 8th ed., p. 167, *359;
*State* v. *Davis,* 2 Car. Law Rep. 291.)   The indictment
purporting to give the names of the owners of the prop-
erty must give them correctly, and give them all.
(*Parmer* v. *State,* 41 Ala. 416; *State* v. *Merrill,* 44 N. H.
624; *Regina* v. *Ward,* 7 Cox C. C. 421; *State* v. *Ryan,* 4
McCord, 16; 17 Am. Dec. 402; *State* v. *Frame,* 4 Harr.
(Del.) 569; *State* v. *Dwyre,* 2 Hill (S. C.) 287; *Richer* v.
*State,* 38 Tex. 643; *State* v. *Owens,* 10 Rich. 169; *State* v.
*McCoy,* 14 N. H. 364; *Com.* v. *Trimmer,* 1 Mass. 476;
*Hogg* v. *State,* 3 Blackf. 326; *King* v. *State,* 44 Ind. 285;
*Bell* v. *State,* 46 Ind. 453; *Com.* v. *O'Brien,* 12 Allen, 183;
2 Bishop's Crim. Pl. & Pr., 3d ed., sec. 723; *People* v.
*Meyers,* 20 Cal. 80.)   The instruction to the jury that "if
upon a full and fair consideration of all the evidence in

the case you are fairly and clearly satisfied the defend-
ant committed the crime charged against him, you should
find him guilty by your verdict, notwithstanding the proof
of his good character," was erroneous, as it is not suffi-
cient for the jury to be fairly and clearly satisfied, but
they must be entirely satisfied, of the guilt of the accused.
(*People* v. *Brannon*, 47 Cal. 96.)   The instruction asked
by the defendant, which the court modified by changing
"imputes to the defendant a knowledge that the goods
were stolen," to "tends to impute to the defendant a
knowledge that the goods are stolen," should have been
given as requested, and should not have been changed.
(*People* v. *Josselyn*, 39 Cal. 399.)

*Attorney-General Hart*, for Respondent.

The complaint charges a public offense.   The author-
ities cited by appellant do not apply in California.
(Pen. Code, sec. 959, subd. 6; *People* v. *Goggins*, 80 Cal.
229; *People* v. *Barnes*, 65 Cal. 16; *People* v. *Henry*, 77
Cal. 445; *People* v. *Ah Sing*, 19 Cal. 598.)   Proof that
the person alleged to be the owner had a special
property, or held it in trust for the benefit of another,
is sufficient to support the indictment.   (*State* v. *Som-
erville*, 21 Me. 18; 38 Am. Dec. 248; *Ellis* v. *State*,
76 Ala. 91.)   A partnership has an existence separate
and distinct from that of the several partners and their
respective estates.   (*Gleason* v. *White*, 34 Cal. 263; *Theller*
v. *Such*, 57 Cal. 461.)   A partner is the agent of all part-
ners, and has possession, for some purpose, of all property
of the partnership.   (12 Am. & Eng. Ency. of Law, p. 767,
sec. 4.)   Any rightful possession will constitute a suffi-
cient title in possession to support a charge of larceny
against the taker.   (12 Am. & Eng. Ency. of Law, p. 765,
sec. 3; *Dignowitty* v. *State*, 17 Tex. 531; 67 Am. Dec. 670;
*State* v. *Cunningham*, 21 Iowa, 433.)   Larceny is the felo-
nious stealing of the personal property of another.   (Pen.
Code, sec. 484.)   The property was that "of another,"

and that satisfies the statute. Proof of title in either of the alleged owners is sufficient. (*People* v. *Thompson*, 28 Cal. 215; *People* v. *Connor*, 17 Cal. 354; *Com.* v. *Arrance*, 5 Allen, 517; *Com.* v. *Harney*, 10 Met. 422.) When an offense involves the commission of a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material. (Pen. Code, sec. 956; *People* v. *Watson*, 72 Cal. 403; *People* v. *Anderson*, 80 Cal. 205.) The instruction which the court changed from "imputes to the defendant," etc., to "tends to impute to the defendant," etc., as given by the court, exactly declared the law. (Pen. Code, sec. 1111; *People* v. *Clough*, 73 Cal. 352.) It is not necessary to name the thief. (1 Wharton's Crim. Law, sec. 997; *People* v. *Avila*, 43 Cal. 196.)

FOOTE, C. — The defendant was convicted of feloniously receiving and buying stolen goods for his own gain and profit, and to prevent the owner thereof from again possessing them, under section 496 of the Penal Code.

From the judgment rendered against him, and an order refusing a new trial, he has taken this appeal.

He contends that the information on which he was tried was obnoxious to a demurrer he filed thereto, in the respects that it does not give the particular circumstances of the offense charged, and that it is not direct and certain as to such offense; that it does not set forth the names of the persons from whom the goods were received, or the names of those who stole them; that it is not direct and certain as to the ownership of such goods.

The information states, among other things, that the stolen goods received by the defendant, at the city and county of San Francisco, were the "personal property of the estate of George H. Tay and Oscar J. Backus, copartners in business, and doing business in said city and

county under the firm name and style of George H. Tay & Co."

We do not perceive but what the defendant was thereby informed in ordinary and concise language, without repetition, in such a manner as that he was enabled, being a person of common understanding, to know what property it was intended to charge he had feloniously bought and received, etc. (Pen. Code, sec. 959, subd. 6.) We do not think he was at all in doubt about the matter, from the language used.

The sufficiency of indictments or informations in this state depends upon whether or not they are in conformity to statutory provisions, and tested by that rule, and in accordance with what has been determined as to similar objections raised to such pleadings in *People* v. *Ah Sing*, 19 Cal. 598, *People* v. *Barnes*, 65 Cal. 16, *People* v. *Henry*, 77 Cal. 445, *People* v. *Goggins*, 80 Cal. 229, *Ex parte Arras*, 78 Cal. 304, it would clearly appear that the information in hand is entirely sufficient to save all the defendant's legal rights as to a proper statement of the ownership of the property feloniously received and bought.

"There is nothing in the section defining the crime which by necessary implication requires that the name of the thief shall be alleged in the indictment, and it is therefore unnecessary." (*People* v. *Avila*, 43 Cal. 199.) The information was therefore sufficient as against the demurrer.

It is further claimed that there was a material variance between the proof and the allegations of the information as to the ownership of the property; that the proof showed that Tay, one of the partners, was dead, and that his estate was represented by executors, who were the legal owners of the property, and that such ownership must necessarily have been alleged in the information.

Section 956 of the Penal Code reads: "When an

offense involves the commission of or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to. be injured, is not material."

Here there is, if anything wrong, an erroneous allegation as to one of the owners of the property, who is now dead, but who, when alive, was a partner with the living alleged owner. It would seem, therefore, that there could be no doubt as to the sufficiency of the description, in other respects so accurate and satisfactory, as to leave no doubt as to the identity of the act charged to have been committed. This is entirely sufficient. (*People* v. *Watson*, 72 Cal. 403; *People* v. *Anderson*, 80 Cal. 204; *Ex parte Arras*, 78 Cal. 304.)

It is further objected that the following portion of the charge of the court is erroneous: " But if upon a full and fair consideration of all the evidence in the case, you are fairly and clearly satisfied that the defendant committed the crime charged against him, you should find him guilty by your verdict, notwithstanding the proof of his good character."

The criticism made by the appellant seems to be that the words " fairly and clearly satisfied " do not convey the idea that the jury must be " entirely satisfied of the defendant's guilt." But the appellate court has said: " A juror would have no excuse for saying that he did not ' feel an abiding conviction to a moral certainty ' of the truth of a fact which had been ' *clearly* established by satisfactory proof.' " (*People* v. *Wreden*, 59 Cal. 395.)

Again, it is said that the court erred in not giving instruction No. 3, asked for by defendant, and in giving it after modification. As requested, it read: " In case you should find that the witness Duket [an alleged accomplice], either alone or with another, stole the goods described in the information, then I instruct you that in this case you cannot convict on the testimony of the

thief, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the thief, imputes to the defendant a knowledge that the goods were stolen."

As given it read: "In case you find that the witness Duket, either alone or with another, stole the goods described in the information, then I instruct you that in this case you cannot convict on the testimony of the thief, unless he is corroborated by other evidence, which in itself, without the aid of the testimony of the thief, tends to impute to the defendant a knowledge that the goods were stolen."

The argument of the defendant is, that the word " imputes " should not have been changed to " tends to impute."

Section 1111 of the Penal Code establishes the rule that an accused cannot be convicted by the evidence of an accomplice alone, unless corroborated by " other evidence tending to prove the defendant's complicity in the offense charged." (*People* v. *Clough,* 73 Cal. 353.) We perceive no merit in the contention as made.

As to the other portions of the charge objected to, with the exception of that hereafter noticed, we do not see, considering it as a whole, and giving to it a fair interpretation, that it is subject to the objections made in this behalf.

As a portion of the charge to the jury, the trial court said: " Under our statute, the following presumptions are to be regarded as satisfactory if uncontradicted, but they may be controverted by other evidence, namely, that an unlawful act was done with an unlawful intent; and also that a person intends the ordinary consequences of his voluntary act. *The effect* of these statutory rules of evidence *is, that when the doing of an act which, if coupled with a guilty intent, would be a violation of law is proven, the burden of proving the act to have been done without a guilty intent is in most cases thrown upon the accused.*"

The portion which we have Italicised is assailed as being misleading, and as stating the law erroneously.

It is plain that where the court announces a rule of evidence, and states that it is applicable to " most cases,'' the jury would be justified in accepting it as the rule laid down for their guidance in the case which they were then engaged in considering. In cases like this, the crime is made out if the accused received or bought the stolen goods, knowing them to be such, *either for his own gain or to prevent the owner from again possessing his property;* the guilty intent consisting either in *receiving or buying them for his own gain or to prevent the owner from again possessing his property.* (*People* v. *Avila,* 43 Cal. 199; Pen. Code, sec. 496.)

The instruction, then, must have been understood by the jury to mean that in this case if it was proved that the defendant received or bought the stolen property, knowing it to be such, then it was proved he *did an act* which, if coupled with the intent to receive or buy it *for his own gain, or to prevent the owner thereof from again possessing it,* he would be guilty of the offense charged against him, and that when the doing of the act of receiving or buying the property, knowing it to be stolen, was once proved, then the burden of proving the want of guilty intent, as above stated, is thrown upon the accused.

It is plain that the trial court laid down the rule as to the extent of the burden of proofs necessary to rebut the presumption of guilty intent raised by the proof of the acts of receiving or buying the property, knowing it to be stolen, as if the case had been one of homicide, under section 1105 of the Penal Code, in which case the rule would be as declared in *People* v. *Bushton,* 80 Cal. 164; for at folios 164 and 165 of the transcript it is said:—

"There is a marked difference in the degree of proof required to establish any fact against the defendant, and that sufficient to establish any in his favor. As against the defendant, every fact material to the issue must be

proved to a moral certainty and beyond a reasonable doubt, or the jury should acquit. Any fact necessary to the defense only needs to be established sufficiently to create a reasonable doubt of the defendant's guilt when taken into consideration with all the evidence in the case. And if the facts proved in favor of the defendant are sufficient to create a reasonable doubt of his guilt, he should be acquitted."

But in such cases as this, the statutory rule declared in the case last referred to, under section 1105 of the Penal Code, does not apply, and when the defendant relies upon no distinct, separate, or independent fact, such as insanity, but confines his defense to the original transaction on which the charge is founded, with its accompanying circumstances, the burden of proof never shifts, but remains upon the people throughout the whole case to prove the act committed a criminal one beyond a reasonable doubt. (*People* v. *Mize*, 80 Cal. 41; *People* v. *Gordon*, 88 Cal. 422.)

To declare otherwise would be to say that the mere proof of the taking away of the horse of another from a pasture without permission of the owner, a mere trespass, would throw upon a party doing that act, if charged with larceny, the burden of proving that he did not take the horse and carry it away *with intent to steal*, at least to an extent sufficient to raise a reasonable doubt of the existence of such intent.

We perceive no other error, but for the reasons given, we advise that the judgment and order be reversed.

FITZGERALD, C., and BELCHER, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed.