[Crim. No. 317.   Department One.—March 25, 1898.]

# THE PEOPLE, Respondent, v. CHARLES CLAUSEN, Appellant.

CRIMINAL LAW—RECEIVING STOLEN GOODS—EVIDENCE—ACCOMPLICE.—The testimony of the thief, as an accomplice, that the defendant accused of receiving stolen goods, knew at the time he purchased the goods that they were stolen, is sufficiently corroborated by circumstances tending, independently of his testimony, to show such guilty knowledge, such as the making of an insufficient description of them in his entry-book, in violation of an ordinance requiring a true and accurate description of each article purchased to be kept for the inspection of the police, a false statement to the officers taking the goods that he had no recollection of before seeing the man from whom he had purchased them, whereas he had a few days before purchased other articles from him, and the paying to him of only two dollars and a half for property worth between fifty and sixty dollars.

ID.—SUSPICION PUTTING UPON INQUIRY.—Whether the defendant knew that the goods were stolen is to be determined by all of the facts of the case, and he need not have heard the facts from eyewitnesses. He is required to use the circumspection usual with persons taking goods by purchase, especially when buying at greatly depreciated rates; and that which a man in the defendant's position ought to have suspected he must be regarded as having suspected so far as was necessary to put him on his guard and on his inquiries. Guilty knowledge may be inferred from inadequacy of price, irresponsibility of the vendor or depositor, and other suspicious circumstances.

ID.—PROOF OF STEALING OF PROPERTY.—The testimony of the owner of the property that it was stolen from his room, and of the one who sold the property to the defendant that he was the one who stole it from the owner, would sustain a verdict for the larceny, and is sufficient to show that the property received by the defendant had in fact been stolen.

ID.—INFORMATION.—NAME OF THIEF—IDEM SONANS.—The averment in the information of the name of the person who stole the goods received by the defendant is unnecessary and immaterial; and the fact that the information alleged the property to have been stolen by one Mervin, while the evidence showed the name of the thief to be Marvin, did not, within the doctrine of *idem sonans,* constitute a variance.

ID.—ENTRY OF DESCRIPTION OF GOODS PURCHASED—ORDINANCE—RES GESTÆ— INSTRUCTION.—The entry of the description of the goods purchased by the defendant in his book, in accordance with the requirements of an ordinance, is a part of the *res gestae,* and a fact which the jury have a right to consider; and the charge of the court that the jury could regard the fact that he had failed to make the entry, as required by the ordinance, as tending to show guilty knowledge, was proper.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William T. Wallace, Judge.

The facts are stated in the opinion of the court.

P. L. Benjamin, John R. Aitken, and Maurice L. Asher, for Appellant.

W. F. Fitzgerald, Attorney General, and C. N. Post, Deputy Attorney General, for Respondent.

VAN FLEET, J.—Defendant was convicted of the offense of receiving stolen property, and appeals from the judgment and order denying him a new trial.

1. He contends that the evidence was wholly insufficient to show that he knew at the time he purchased the goods that they were stolen; that the only evidence on the point was that of Marvin, the thief, and he was an accomplice. But the fact that when defendant received the goods he made an insufficient description of them in his entry-book—a description from which they could not readily be identified from an inspection of the book—whereas the ordinance required purchasers of such goods to enter "a true and accurate description of every article purchased by them" in a book to be kept for the inspection of the police; the fact that he told the officers who came for the goods that he had no recollection of having seen the man from whom he purchased them before, whereas he had purchased other articles from him but a few days previous; and, lastly, that he paid but two dollars and fifty cents for the property, when, as the evidence tended to show, it was worth between fifty and sixty dollars, were all circumstances tending, independently of the testimony of Marvin, to show guilty knowledge on the part of defendant that the goods had been stolen. "Whether the defendant knew that the goods were stolen is to be determined by all the facts of the case. It is not necessary that he should have heard the facts from eyewitnesses. He is required to use the circumspection usual with persons taking goods by private purchase; and this is eminently the case with dealers buying at greatly depreciated rates. That which a man in the defendant's position ought to have suspected he must be regarded as having suspected, as far as was

necessary to put him on guard and on his inquiries. . . . . The proof in any case is to be inferential, and among the inferences prominent are inadequacy of price, irresponsibilty of vendor or depositor." (Wharton's Criminal Law, sec. 984, and see, also, *People v. Hertz,* 105 Cal. 663.)

2. The further objection that the evidence was not sufficient to show that the property had in fact been stolen is alike untenable. The owner of the property testified that it had been stolen from his room; and Marvin testified that he was the one who stole it. This evidence would have sustained a verdict against Marvin for the larceny; and this was the fact to be established.

3. The fact that the information alleged the property to have been stolen by one Mervin, while the evidence showed the name of the thief to be Marvin, did not, within the doctrine of *idem sonans,* constitute a variance. Moreover, the averment of the name of the person who stole the goods is under the statute unnecessary, and was, therefore, immaterial. (*People v. Avila,* 43 Cal. 196; *People v. Ribolsi,* 89 Cal. 496.)

4. The remaining points require no extended notice. There was no error in the rulings of the court on the admission of evidence; and the charge of the court that the jury could regard the fact that defendant had failed to enter a description of the goods in his book in accordance with the requirements of the ordinance, as tending to show guilty knowledge, was proper. The entry is required to be made upon receipt of the goods, is a part of the transaction—the *res gestae*—and a fact which the jury have a right to consider.

There is no error in the record.

Judgment and order affirmed.

Garoutte, J., and Harrison, J., concurred.

Hearing in Bank denied.