## PEOPLE v. SOLOMON.

### Cr. No. 501; July 18, 1899.

#### 58 Pac. 55.

**Receiving Stolen Goods—Corroboration of Accomplice.**—Under Penal Code, section 1111, requiring corroboration of the testimony of an accomplice, evidence in a prosecution for receiving stolen goods that defendant placed the goods in the back room of a saloon, saying that he had loaned money on them, and offering no explanation why they were put there, is sufficient to corroborate the testimony of the accomplice.

**Accomplice—Sufficiency of Corroboration.**—Under Penal Code, section 1111, requiring corroboration of the testimony of an accomplice, it is not necessary that corroborative evidence should go so far as to establish by itself, and without the aid of the testimony of the accomplice, that defendant in a prosecution for receiving stolen goods possessed the requisite guilty knowledge.[1]

**Criminal Trial—Instructions.**—It is not Error for the Court to Refuse to give an instruction, the substance of which he has given in a preceding one.

**Receiving Stolen Goods.**—In a Prosecution for Receiving Stolen Goods it is not error for the court to refuse to instruct that the fact that defendant did not attempt to prevent the owner from recovering his goods is evidence that he did not know that they were stolen.

APPEAL from Superior Court, Los Angeles County,

B. Solomon was convicted of receiving stolen goods, and appeals. Affirmed.

J. J. Fitzgerald for appellant; Attorney General Ford for the people.

---

[1] Cited in the note in 98 Am. St. Rep. 174, on convictions on the testimony of an accomplice.

GRAY, C.—The defendant appeals from an order denying a new trial, and from a judgment convicting him of the crime of buying and receiving stolen goods, as defined in section 496 of the Penal Code.

It is objected, first, that the evidence is insufficient to convict, for the reason that there is no corroboration of the testimony of the thief and accomplice, W. H. Eldred, of whom defendant received the stolen goods. It appears by evidence, independent of the testimony of Eldred, that the defendant was in possession of the stolen clothes which he is charged with receiving soon after they were stolen, and deposited them in the back room of a saloon, telling the bar-keeper that he had loaned $2.50 on them; that he would take them out the next morning, and that if an old soldier called, and paid $2.50, to let him have them; that defendant was a dealer in second-hand clothes, and his place of business was right beside this saloon; that he did not call for the clothes as he said he would, but let them remain in the back room of the saloon until discovered by an officer, four or five days after they were stolen; that defendant sold a pair of pants, part of this clothing, for $1, before his arrest; that the goods were worth $7.50; that he told the officer that he got the clothes from an old soldier, and had loaned him $2.50 on them, and he (the old soldier) was going to get him some more goods, or take the goods away. The goods, when found by the officer, were done up in a piece of bed ticking, tied up like a roll of blankets. No explanation is attempted as to the conduct of defendant in depositing the clothes in the back room of the saloon, instead of keeping them in his place of business. The stolen shears were found in defendant's shop. We think the foregoing facts tended to show guilty knowledge on the part of defendant, and thus tended to connect the defendant with the commission of the offense with which he was charged, and that the testimony of the accomplice was corroborated, as required by section 1111 of the Penal Code.

Instruction 1 asked by the defendant was properly refused by the court. It is not necessary that the corroborating evidence should "go so far as to establish by itself, and without the aid of the testimony of the accomplice, that the defendant knew at the time of the receipt by him of the goods described that they were stolen." In instruction 5 given at the request of defendant the court clearly and fully defined the rule as to

the corroboration of the testimony of an accomplice as it applied to the case before the jury, and it was not necessary to repeat this instruction. For this reason the court was warranted in refusing instruction 3 asked by defendant. The seventh instruction requested by the defendant was properly refused. That the defendant "did not attempt to prevent the owner of said goods from again possessing his property" cannot be urged as evidence that he received the goods without knowledge of their having been stolen. We advise that the judgment and order appealed from be affirmed.

We concur: Chipman, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.