John F. Clarke, District Attorney (William C. Courtney, Assistant District Attorney), opposed.

SMITH, W. M., J.: No substantial right of the relator was invaded. He had a hearing before the magistrate on a charge of larceny. The magistrate held him to await the action of the grand jury for the crime of grand larceny; the grand jury failed to indict him. The fact that the grand jury refused to find a bill of indictment, with a memorandum that the case be sent to the Court of Special Sessions to be disposed of as petit larceny, was irregular, but its legal effect was the same as a simple refusal to find an indictment. The Court of Special Sessions had jurisdiction to try the relator upon the charge of petit larceny. He is not entitled to a discharge now because the magistrate erred in sending the case to the grand jury in the first instance instead of the Court of Special Sessions, where it belonged.

Writ dismissed.

---

## Supreme Court—Appellate Division, Fourth Department.

May, 1902.

### THE PEOPLE v. CHARLES A. DOTY.

(73 App. Div. 78.)

RECEIVING STOLEN GOODS—EVIDENCE—GUILTY KNOWLEDGE.

Upon the trial of an indictment for receiving stolen goods the evidence of the prosecution was that defendant had told four young school boys that he would buy all the hides they would bring at six cents per pound, that they then stole a Texas hide, readily distinguished from local hides, which he examined and purchased, as well as another a few days after, and at the request of the boys gave them change so they could divide the money between them. The value of the

hide was eleven cents per pound; one boy told him that the hide was
removed by his father from a cow. Held, it was a question for the
jury as to whether defendant understood and believed that the hides
were stolen.

APPEAL by the defendant, Charles A. Doty, from a judgment
of the County Court of Cattaraugus county, in favor of the
plaintiff, entered in the office of the clerk of the county of
Cattaraugus on the 28th day of October, 1901, upon the ver-
dict of a jury convicting him of the crime of receiving stolen
goods.

J. S. Whipple, for the appellant.

George W. Cole, for the respondent.

WILLIAMS, J.: The judgment appealed from should be
affirmed.

The indictment charged that the defendant, on December 6,
1900, at Salamanca, bought and received from Louis Torge, Jr.,
a cow hide of the value of six dollars, which had been stolen
from the United States Leather Company's tannery to the
knowledge of the defendant.

The appeal really involves but two questions:

First. Whether there was sufficient evidence to authorize a
finding by the jury that defendant had knowledge that the hide
was stolen property.

Second. Whether evidence was properly admitted as to an-
other receipt of stolen property from the same persons from
whom he received the hide in question.

On the occasion alleged in the indictment four boys, Torge,
Neugart, Osler and Delong, went to defendant's place of busi-
ness between three and four o'clock in the afternoon and asked
him if he wanted to buy any hides. Defendant said he would
buy all they would bring at six cents per pound. The boys then
went and stole the hide and brought it to defendant and he re-

ceived it and paid them for it. The defendant was not sworn as a witness. He kept a harness shop and bought and sold hides. The boys were attending school. Torge was fourteen years old, Delong thirteen years old, Neugart thirteen years old, and Osler fourteen years old. Torge was the son of an hotelkeeper, Delong was the son of a switchman, Neugart was the son of a carpenter, and Osler the son of a man working in a livery stable.

The hide was one of a kind known as Texas hides, taken from the cow the summer before, and was readily distinguished from a hide recently taken from a cow in the locality of Salamanca, was done up in a shape well known to dealers and different from those taken from cows in the locality of Salamanca. Many Texas hides were brought to Salamanca. The hide in question was taken from the bag by defendant and examined by him at the time he received it, and the tail was removed. One of the boys told defendant that the hide was removed from a cow by his father, but defendant must have known it was not a local hide but a Texas hide. The value of the hide was eleven cents per pound, but the defendant paid only six cents for it. A few days before this these same four boys stole another hide from the tannery of the Fisher Tannery Company, near the United States Leather Company's tannery, a green hide, and sold it to defendant, and at that time defendant told the boys that he would buy all they could bring at six cents per pound.

The boys, at the time of the purchase in question, asked defendant to give them change so they could divide the money between them.

Under these circumstances it was clearly a question for the jury whether the defendant received the hide, really believing the boys came honestly by it, and had a right to make the sale, or whether he understood and believed it to have been stolen. The jury was justified in drawing the conclusion that the defendant knew the hide was stolen property when he received it. The evidence of the former transaction between the boys and the defendant as to the hide stolen from the tannery of

the Fisher Tannery Company and sold to the defendant, and what was said by him at that time as to buying all they could bring him, was competent as bearing upon the guilty knowledge of the defendant in receiving the hide in question.   It tended to show that the defendant placed no reliance upon the statement made by one of the boys that his father took the hide from a cow and that they were selling it for the father and to show guilty knowledge on his part.   This evidence was competent and proper within the rules laid down in Coleman v. People (55 N. Y. 81; 58 id, 555), and in Copperman v. People (56 id. 591).

The judgment should be affirmed and the case remitted to the County Court of Cattaraugus county pursuant to section 546-548, Code of Criminal Procedure.

McLENNAN, SPRING and DAVY, JJ., concurred; HISCOCK, J., not sitting.

Judgment and conviction affirmed and case remitted to the County Court of Cattaraugus county pursuant to section 547 of the Code of Criminal Procedure.