## SUPREME COURT—APP. DIV.—SECOND DEPT.
### Oct. 21, 1909.

## THE PEOPLE v. MICHAEL RIZZO.

### (134 App. Div. 317.)

RECEIVING STOLEN GOODS—TRIAL—CHARGE.

> Where the wife of one indicted for knowingly receiving stolen goods
> has testified that she purchased the goods with her own money during
> his absence, it is error to refuse to charge that there can be no convic-
> tion if the goods were bought by the wife and were her property.

APPEAL by the defendant, Michael Rizzo, from a judgment
of the County Court of Nassau county in favor of the plaintiff,
entered in the office of the clerk of said county on the 15th day
of July, 1908, upon the verdict of a jury convicting the defend-
ant of criminally receiving stolen goods.

*H. Willard Griffiths,* for the appellant.

*Franklin A. Coles, District Attorney,* for the respondent.

HIRSCHBERG, P. J.:

The appellant has been convicted of the crime of receiving
some chickens, knowing them to have been stolen, the conviction
resting chiefly upon the evidence of a witness who testified that
he had actually committed the theft but had sold the chickens
to the defendant, the latter knowing that they had been stolen.
The defendant denied that he had bought the chickens in ques-
tion and asserted that they had been purchased by his wife dur-
ing his absence. His wife also testified that she had bought
the chickens herself from a pedler during her husband's ab-
sence, and had paid for them with her own money. There was
evidence sufficient to justify the conviction, but a new trial
is necessary because the court refused to charge the jury at the

defendant's request that if they found from the evidence " that the goods were bought by Mrs. Rizzo and are her property, the defendant cannot be convicted of the crime charged." It is true that the refusal of the court to charge the proposition stated was limited except as covered in the charge, but as no allusion was made in the charge to the assertion or claim that the chickens were purchased by the defendant's wife, the declination must be regarded as absolute.

The judgment of conviction must be reversed and a new trial ordered.

GAYNOR, BURR, RICH and MILLER, JJ., concurred.

Judgment of conviction of the County Court of Nassau county reversed and new trial ordered.

* * *

## NOTE ON RECEIVING STOLEN GOODS.

**ELEMENTS OF CRIME.**

Receiving, with intent to obtain a reward from the owner of the property, is. People v. Wiley, 3 Hill, 194.

No consideration need pass from receiver to thief. Hopkins v. People, 12 Wend. 76.

A wife and husband may be convicted of a joint receiving. Goldstein v. People, 82 N. Y. 231.

The property, when received, must have been in the possession of another person than the owner. People v. Rivello, 39 App. Div. 454.

Where individual owner delivers property to one who wishes to steal it, there is no trespass, but where property of State is delivered by anyone under any circumstances, to any person for the purpose of having him steal it, and he takes it into his possession with intent to steal it, there is a trespass and the attempt is a crime. People v. Mills, 18 Crim. Rep. 269.

Where defendant was attorney for one Miller and familiar with methods by which latter obtained money in question; that on one occasion Miller

came to defendant's office with $30,500 in a satchel and defendant advised him to flee the country; that defendant and Miller went to a banking house, latter carrying satchel, where Miller had a bank account; that Miller made unsuccessful attempt to withdraw account; that Miller determined to transfer account and contents of satchel to defendant; that $30,500 was handed to teller to count; that defendant prepared three deposit slips and funds were placed to defendant's credit and subsequently withdrawn by him, all held sufficient evidence that defendant received the $30,500. People v. Ammon, 18 Crim. Rep. 240.

Certain goods which had been stolen were retaken by the true owner, and confessedly lost their character as stolen property. They were subsequently sent to defendant, who took them and paid for them, in the belief that they were stolen. Held, that a conviction for an attempt could not be sustained. People v. Jaffe, 19 Crim. Rep. 277.

A person who receives tickets which are intended to be given to cartmen as vouchers for removing snow, knowing them to have been stolen, and who takes part in negotiations for selling them, is guilty. People v. Fletcher, 19 Crim. Rep. 558.

**JURISDICTION.**

May be tried in any county where he has the goods. Wills v. People, 3 Park. Crim. 473.

Statute providing that crime or offense in respect to freight in transit may be tried in any county through which train passes, held to apply to goods taken therefrom. People v. Dowling, 84 N. Y. 381.

**INDICTMENT.**

Need not state name of thief from whom received. People v. Caswell, 21 Wend. 86.

Must state that goods received were stolen goods. People v. Stein, 1 Park. Crim. 202.

Not necessary to charge an intent to defraud the owner. People v. Weldon, 111 N. Y. 569.

Indictment naming crime as "knowingly receiving" stolen property, charging defendant with having "committed the crime aforesaid by wrongfully, unlawfully and feloniously receiving stolen property, consisting of articles of personal property, to wit," describing the property, and then charging the commission of the crime by concealing, withholding and aid-

ing in the concealing and withholding of the property, "knowing at the time that the same had been stolen, as aforesaid," is defective, because, first, there is no such crime as "knowingly receiving;" second, the two ways of committing the crime should not have been charged in one, but in separate counts. People v. Hartwell, 166 N. Y. 361.

## EVIDENCE.

Evidence on behalf of defendant as to circumstances of the receiving by him, held admissible. Wills v. People, 3 Park. Crim. 473.

Not competent for prosecution to show, for purpose of proving the *scienter*, that the accused has received other property, from other persons, knowing the same to have been stolen. Coleman v. People, 55 N. Y. 81.

Evidence that accused has frequently received similar articles of property, under like circumstances, from the same thief, stolen from the same person or place, knowing that they were stolen, is proper upon the question of guilty knowledge. Copperman v. People, 56 N. Y. 591.

Held not necessary to show that other goods were stolen from same person. Coleman v. People, 58 N. Y. 555.

Evidence of receipt by person accused of other goods at times not too remote, under similar circumstances, held admissible to show guilty knowledge, but such receipt should be shown to have been from same person. People v. McClure, 148 N. Y. 95; People v. Doty, 73 App. Div. 78, 16 Crim. Rep. 517; Coleman v. People, 55 N. Y. 81.

Other stolen goods, testimony concerning which is offered to show guilty knowledge, may have been received both after and before the receipt of the goods on which the indictment is founded. People v. Weisenberger, 73 App. Div. 428.

Railroad was allowed to prove, on trial for receiving stolen brasses, that four Polish boys attempted to steal a number of brasses; that one was caught; that defendant afterwards attempted to have a large number of brasses melted, and on arrest confessed that an employee of his had bought them from four Polish boys. Held, that the jury were justified in finding that the four Polish boys, who had been pursued when in possession of the stolen property, were the same persons who were dealing with defendant's employee, according to his own admission. People v. Grossman, 168 N. Y. 47, 15 Crim. Rep. 527.

Evidence was that defendant had told four young schoolboys that he would buy all the hides they would bring at six cents per pound, that they

then stole a Texas hide, readily distinguished from local hides, which he examined and purchased, as well as another a few days after, and at the request of the boys gave them change so that they would divide the money between them. The value of the hides was eleven cents per pound; one boy told him that the hide was removed by his father from a cow. Held, a question for the jury as to whether defendant understood and believed that the hides were stolen. People v. Doty, 16 Crim. Rep. 517.

Must show that goods alleged to have been received have first been stolen. People v. Seaton, 15 N. Y. Supp. 470.

The place of the criminal receipt of stolen goods may be shown by circumstantial evidence. People v. Cosmides, 23 Crim. Rep. 556.

**VERDICT.**

Upon trial of an indictment charging prisoner with having feloniously received stolen property, knowing it to have been stolen, the jury brought in a verdict in writing, finding " the prisoner guilty of receiving stolen goods, knowing them to be stolen," held, that the verdict was a special one and could not be enlarged by intendment, and that as it did not find that the prisoner received the goods feloniously it was not sufficient to sustain a conviction. Miller v. People, 25 Hun, 473.