PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* CÉSAR R. GARCÉS, Defendant and Appellant.

No. 3027.   Argued February 6, 1927.—Decided February 18, 1927.

*M. Figueroa del Rosario* and *J. Jiménez Aguayo* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

In this case appellant was charged with having violated section 438 of the Penal Code, the information reading in part as follows:

"  . . . defendant César R. Garcés illegally, wilfully and maliciously bought for $5 two electric batteries, with intent to profit thereby and knowing the same to have been stolen, from a person whom he claims not to know and whose name is unknown to him, which batteries are worth $44 and had been stolen from the Insular Motor Co. of San Juan and had been found in possession of the defendant . . . "

Defendant alleges that the information is insufficient because in the first place although it is alleged therein that the purchase of the stolen goods was made "with intent to profit thereby," this allegation is not sufficient in itself, for it is necessary to allege that the defendant had obtained a real benefit from the transaction.

Section 438 of the Penal Code reads:

"Every person who, for his own gain, or to prevent the owner from again possessing his property, buys or receives any personal property knowing the same to have been stolen, is punishable . . . "

The information follows the statute and that is sufficient, for though the information states "with intent to profit thereby," that is equivalent to saying "for his own gain," as expressed in section 438. That section is copied from section 496 of the California Penal Code and it has been held there that an information for violation of said section is sufficient if it follows the statute. *People* v. *Avila,* 43 Cal. 196; *People* v. *Rice,* 73 Cal. 220, and *People* v. *Tilley,* 135 Cal. 61.

In the second place it is alleged that there is no description given in the information of the word "batteries," which were the things bought, and that this renders the information defective.

Though the word "battery" had originally a technical meaning, its use has become familiar in current language, and its use in an information, without further description, fully informs the defendant of the object bought, without having to go into details to define it.

The second error assigned by the appellant refers to the weighing of the evidence and he alleges that it was not shown "that the defendant had direct or indirect knowledge that the articles bought were stolen."

The rule as to criminal intent is established in section 12 of the Penal Code in the sense that such intent, as a subjective condition, is only shown by the circumstances connected with the offense. In connection with this it has been generally established by the authorities that in offenses for purchasing stolen goods the mere possession of them is not in itself sufficient to imply knowledge on the part of the defendant. There must exist other circumstances to ascertain the mental condition of the defendant as to his knowledge of the stolen goods.

In the present case the two batteries stolen from the Insular Motor Corporation were found in the possession of the defendant. As shown by the evidence, the defendant at first said that they had been sent to him by his father from Arecibo

and at other times that he had received them from Maya-güez, and at last he admitted that he had bought them from an unknown person. This was another circumstance to be considered by defendant himself. Another was in regard to the price. Defendant was a dealer in automobile parts; he was presumed to know the prices of such goods. It was shown that their market value was $18 or $20 each. He bought them for $5 and this was another fact, important to him and suspicious in itself, for showing that the property could not have been acquired honestly.

In the case of *People* v. *Clausen*, 120 Cal. 382, it was held that the question of whether the defendant knew that the goods had been stolen had to be determined by all of the facts of the case. The court said further:

"It is not necessary that he should have heard the facts from eyewitnesses. He is required to use the circumspection usual with persons taking goods by private purchase; and this is eminently the case with dealers buying at greatly depreciated rates. That which a man in the defendant's position ought to have suspected he must be regarded as having suspected, as far as was necessary to put him on guard and on his inquiries . . . The proof in any case is to be inferential, and among the inferences prominent are inadequacy of price, irresponsibility of vendor or depositor. (Wharton's Criminal Law, sec. 984, and see, also, People v. Hertz, 105 Cal. 663.)"

Another assignment of error in the weighing of the evidence was that the batteries had not been identified. Although it appears from the evidence that the same kind of goods could be had in the market, it is a fact that those kept in stock by the Insular Motor Corporation, from which they had been stolen, were marked by a steel stamp in successive numbers, and it appears that the batteries found in the defendant's possession bore the numbers 285 and 286 with which they had been marked by the Insular Motor Corporation, and thus they were identified.

The court below came to a proper conclusion by weighing all the circumstances as a whole, and the judgment appealed from must, therefore, be affirmed.