[Crim. No. 2686. Second Appellate District, Division One.—June 14, 1935.]

THE PEOPLE, Respondent, v. DWIGHT WILLIAMS, Appellant.

Robert B. Agins and A. Edward Nichols for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

ROTH, J., *pro tem.*—Defendant was convicted of the crime of receiving stolen property. The principal witness for the prosecution was the thief, one Brown, who testified that he stole an automobile, stripped it, and on the same day sold a radio taken therefrom to defendant for $5. Brown testified that he told the defendant that the radio was "hot stuff" and the evidence showed that defendant had on prior occasions purchased other automobile accessories from Brown knowing the same to have been stolen. Defendant denied that he knew the radio was stolen or that he bought the same, asserting that he did not buy the radio, but loaned Brown $5 until the following Saturday, accepting the radio as security. Without rehearsing all the testimony, it is sufficient to say that there was ample to justify the jury in reaching the conclusion beyond a reasonable doubt that the defendant knew he was buying stolen property when he bought the radio. Defendant contends, however, that Brown was an accomplice and that his testimony should have been received as such. There can be no doubt that much, if not all, of the important portion of the testimony was that of Brown, who stole the property, and while Brown's testimony is corroborated in many particulars, and only slight corroboration is necessary to convict on the testimony of an accomplice (*People* v. *Follette,* 74 Cal. App. 178 [240 Pac. 502]), it is by no means certain that the conviction would have resulted had the testimony of Brown been received as if it were that of an accom-

plice and the jury properly instructed on what an accomplice is and that the testimony of an accomplice must be corroborated, on neither of which subjects instructions of any kind were given.

The primary question on this appeal is, therefore, whether a thief who sells stolen property to a third person, telling such third party that the property has been stolen, thus becomes an accomplice in the crime of receiving stolen goods. If Brown was an accomplice, then there is no question but that defendant was entitled to an instruction on what constitutes an accomplice, and that the testimony of an accomplice must be corroborated.

It is generally settled that one who receives stolen property is not an accomplice of the thief (*People* v. *Evans,* 34 Cal. App. 84, 289 [167 Pac. 190, 9 A. L. R. 1397]), within the rule requiring corroboration of testimony. (Pen. Code, sec. 1111.) The converse, however, has met with differing views. (*Leon* v. *State,* 21 Ariz. 418 [189 Pac. 433, 9 A. L. R. 1393, 1397]; *People* v. *Kupperschmidt,* 237 N. Y. 463 [143 N. E. 256, 32 A. L. R. 447]; *In re Morton,* 179 Cal. 510, 513, 514 [177 Pac. 453]; *People* v. *Layman,* 117 Cal. App. 476, 480 [4 Pac. (2d) 244].) The California rule and the weight of authority is to the effect that a thief is not an accomplice to the crime of receiving stolen goods. The New York rule (*People* v. *Kupperschmidt, supra,* followed by much respectable authority, and based upon sound logic, is that the thief is and can be an accomplice of one to whom he sells stolen goods under circumstances such as disclosed by the evidence in the case at bar. The reason, however, for the difference in the New York rule and that of our own state is to be found in the fact that in 1915 section 1111 of the Penal Code was amended adding a definition of "accomplice". Section 399 of the Code of Criminal Procedure of New York requires corroboration of the testimony of an accomplice, as does section 1111 of our Penal Code, and section 2 of the New York code is substantially the same as section 31 of our Penal Code, but section 399 of the New York Criminal Code does not define an accomplice, and, as pointed out, ours does. The effect of this difference, when read in connection with sections 31 and 1111 of the Penal Code, is pointed out in *People* v. *Layman, supra,* where the court says: "The amendment of 1915 consisted in adding these words of definition, by limitation, to the section:

'An accomplice is hereby defined as one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given.' One's first impression is that this definition makes no change in the law, for in *People* v. *Coffey, supra* (163 Cal. 433 [119 Pac. 901, 39 A. L. R. (N. S.) 704]), accomplices are defined as being: 'All persons concerned in the commission of a crime, whether they directly commit the act constituting the offense, or aid and abet in its commission, or not being present, have advised and encouraged its commission.' But this definition is a quotation from section 31 of the Penal Code, stating such persons to be principals, and, by section 971 of the same code, they are to be prosecuted as such. The break in this chain of reasoning is made by interpreting the words 'one who is liable to prosecution for the identical offense charged', as limited to one who is so liable *because he is a principal in fact* and as not applying to one *who is a principal only by the effect of section 31.* (Italics ours.) So, it has been held, both parties to the crime of incest are accomplices, if adult and competent, because each is in fact a principal. . . . The witness was held an accomplice in *People* v. *Allison,* 200 Cal. 404 [253 Pac. 318], . . . not because he aided in the burglary with which the defendant was charged, but because as principal in fact he had a part in it.''

Prior to the 1915 amendment to section 1111 of the Penal Code the law may have been that the thief could be an accomplice of one receiving stolen goods from such thief (*People* v. *Solomon,* 6 Cal. Unrep. 305 [58 Pac. 55]; *People* v. *Clausen,* 120 Cal. 381 [52 Pac. 658]; *People* v. *Ribolsi,* 89 Cal. 492 [26 Pac. 1082]; *People* v. *Kraker,* 72 Cal. 459 [14 Pac. 196, 1 Am. St. Rep. 65]), but since *In re Morton, supra,* decided since the amendment, there can be no doubt that California no longer follows that rule. In the Morton case, at pages 513, 514, the court says: "In their reply brief, counsel insist that the accusation against appellant charged him with the commission of a felony, wherein Robertson and his wife were accomplices, and that, as provided in section 1111 of the Penal Code, a conviction cannot be had upon the uncorroborated testimony of an accomplice who is defined to be 'one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given'. Assuming the ac-

cusation charged appellant with the commission of acts which constituted a felony, namely, that of receiving personal property, knowing the same to have been stolen, Robertson and his wife could not be deemed liable to prosecution for such offense, since they were·the ones who committed the theft. The case of *People* v. *Kraker,* 72 Cal. 459 [14 Pac. 196, 1 Am. St. Rep. 65], upon which appellant relies in support of his proposition, is not in point, for the reason that, among others, it was decided before the amendment of 1915 of section 1111, which added the clause above quoted.''

 There is no merit in defendant's contention that he was prejudiced by remarks made by the trial judge. We have not only read the remarks called to our attention, but have attentively scrutinized the whole record, and find nothing prejudicial in any of the remarks or rulings made by the trial court.

The judgment and order are affirmed.

Houser, Acting P. J., and York, J., concurred.