[Crim. No. 3568. Second Dist., Div. Three. Sept. 11, 1942.]

THE PEOPLE, Respondent, v. HENRY MILLER, Appellant.

George Stahlman and Harry Duckett for Appellant.

Earl Warren, Attorney General, and Eugene M. Elson, Deputy Attorney General, for Respondent.

BISHOP, J. pro tem.—We accept as a proper statement of the one problem presented by this appeal that which is expressed in defendant-appellant Miller's closing brief in these words: "The only question in this case as appellant sees it, is the question as to the sufficiency of the corrobora-

tion of the testimony of the accomplice Jacoby.'' The answer which we are giving to this question is that the corroboration is sufficient, amply so.

 The appellant was charged with having committed the crime of robbery. The evidence that a robbery took place, in which some $70,000 worth of furs were stolen, is complete and from witnesses who were not accomplices. According to their account one Jacoby was an active participant in the actual holdup. Jacoby testified that appellant's connection with the crime was that of the master mind, the one who planned the affair and took charge of the booty after his plans had been successfully carried out. According to appellant's own testimony he had known Jacoby some time before the robbery, having already received and sold a batch of stolen furs delivered to him by Jacoby. The defendant further testified before the jury which convicted him that some ten days before the event took place Jacoby told him to expect some more furs, and according to schedule the furs were delivered and by Jacoby and the appellant taken up to an unfurnished room which the appellant had rented before the robbery but after he had been told more furs were to be expected. Some of the furs were found in this room, others at another location, to which the appellant directed. the police, after first denying that he knew where any more could be located.

After his arrest appellant made a statement to an officer, in which, according to the officer and according to the appellant, he answered that he recalled September 25th, the date of the Gailland-Cohen robbery, the one of which he was found guilty; that he had no personal knowledge ''as to who might have perpetrated it''; but that a few days before it was perpetrated he knew that it was going to be; that he had talked it over with Jacoby and another, who wanted to know if he (Miller) would be ready for them. ''Were they to be paid for the furs taken?'' ''Yes.'' ''How much?'' ''$5,000.00.'' There are further questions and answers from which it could be inferred that appellant did not know that the robbery which was to take place was this particular one, but appellant's statements also warranted the inference which the jury may well have drawn, that the appellant was getting ready to receive the spoils from a robbery of whose identity and size he was well aware, as Jacoby had witnessed.

This evidence furnishes ample corroboration for Jacoby's testimony. ''The law does not require that the evidence nec-

essary to corroborate the testimony of an accomplice shall tend to establish the precise facts testified to by the accomplice; and strong corroborative testimony is not necessary to support a judgment of conviction founded on the testimony of an accomplice. Even though circumstantial and slight, the evidence is, nevertheless, sufficient if it tends to connect the accused with the commission of the offense. (*People* v. *Martin*, 19 Cal. App. 295 [125 Pac. 919].) The defendant's own statements and admissions, made in connection with other testimony, may afford corroboratory proof sufficient to sustain a verdict. (*People* v. *Armstrong*, 114 Cal. 570 [46 Pac. 611]; *People* v. *Sullivan*, 144 Cal. 471, 473 [77 Pac. 1000].) It is not necessary that the corroborating evidence should go so far as to establish by itself, and without the aid of the testimony of an accomplice, that the defendant committed the offense charged. (*People* v. *Solomon*, 6 Cal. Unrep. 305 [58 Pac. 55].) It is not necessary to cite the great number of authorities which sustain these fundamental principles of law relating to the testimony of an accomplice." (*People* v. *Negra*, (1929) 208 Cal. 64, 69, 70 [280 Pac. 354, 356, 357].) The "unexplained" possession of stolen goods soon after a theft, burglary or robbery has many times been held to be sufficient corroboration of the testimony of an accomplice, and it is evident from the fact that in each of the following cases the defendant gave an explanation that by "unexplained" is meant the absence of an explanation sufficient to raise a reasonable doubt. (*People* v. *Haughey*, (1926) 79 Cal. App. 541, 543 [250 Pac. 406, 407]; *People* v. *Melson*, (1927) 84 Cal. App. 10, 16 [257 Pac. 555, 557].) The principle applicable is also stated more generally as in this quotation from *People* v. *Rice*, (1938) 29 Cal. App. (2d) 614, 620 [85 P. (2d) 215, 218]: "It is well established that possession of stolen property may be sufficient corroboration to warrant a conviction upon the testimony of an accomplice" (citing cases).

The judgment of conviction and order denying a new trial, from which the defendant appealed, are affirmed.

Schauer, P. J., and Wood (Parker), J., concurred.